GERALD SKISLAK, Plaintiff
v.
IMPERIAL GOURMET BUFFET, L.L.C., Defendant
No. COA06-1017
Court of Appeals of North Carolina.
Filed August 21, 2007
This case not for publication
Egerton & Associates, by Kurt B. Aktug, for plaintiff-appellant.
Poe & Hoof, PLLC, by J. Bruce Hoof, for defendant-appellee.
CALABRIA, Judge.
Gerald Skislak ("plaintiff") appeals from an order denying his motion to amend his complaint to designate Kwok Properties, L.L.C. ("Kwok") as the proper party and granting defendant Imperial Gourmet Buffet, L.L.C.'s ("IGB, LLC") motion for summary judgment under N.C. Gen. Stat. § 1A-1, Rule 56(b). We affirm.
On 29 May 2001, plaintiff was injured while dining at the Imperial Gourmet Buffet Restaurant ("the restaurant") located at 4408 Landover Road, Greensboro, North Carolina when he slipped and fell while approaching the buffet bar. On 25 May 2004, plaintiff filed an action against IGB, LLC alleging the area where he slipped and fell was a wet area on the floor which had been recently mopped that was not readily visible "even in the exercise of reasonable care." Plaintiff denied any negligence on his part and alleged only IGB, LLC was negligent.
IGB, LLC filed a motion for summary judgment on 17 March 2006 pursuant to Rule 56(b) on the grounds that it was not the "owner or manager of, and has had no ownership, managerial or other interest in the restaurant, business, and/or real estate" where the plaintiff sustained his injuries and that plaintiff had failed to name the proper party. IGB, LLC also filed an affidavit signed by its managing member stating that IGB, LLC operates a restaurant in Wilmington, North Carolina, not in Greensboro, and furthermore, according to the Articles of Incorporation attached to the affidavit, IGB, LLC was not formed until 14 March 2002, approximately ten months after the date of plaintiff's alleged injury.
On 16 March 2006, after diligently facilitating the issuance of ten alias and pluries summons, plaintiff filed a motion for leave to amend his complaint in order to name the appropriate party, Kwok, as defendant. On 3 April 2006, the trial court concluded plaintiff's case against Kwok was barred by the three year statute of limitations, granted IGB, LLC's motion for summary judgment and denied plaintiff's motion to amend the complaint. Plaintiff appeals.
Plaintiff argues on appeal that the trial court erred by denying his motion to amend the complaint under North Carolina Rules of Civil Procedure, Rule 15(c), to name Kwok as the defendant because Kwok had prior notice of the claims. We disagree.
North Carolina Rule of Civil Procedure, Rule 15 provides "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served." N.C. Gen. Stat. § 1A-1, Rule 15(a) (2005). The rule further provides "[a] claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed[.]" N.C. Gen. Stat. § 1A-1, Rule 15(c) (2005). Our Supreme Court in Crossman v. Moore, 341 N.C. 185, 459 S.E.2d 715 (1995), clearly articulated Rule 15(c) does not apply to instances when a motion to amend a complaint is made in order to name the appropriate party. The Court reasoned:
Nowhere in the rule is there a mention of parties. It speaks of claims and allows the relation back of claims if the original claim gives notice of the transactions or occurrences to be proved pursuant to the amended pleading. When the amendment seeks to add a party-defendant or substitute a party-defendant to the suit, the required notice cannot occur. As a matter of course, the original claim cannot give notice of the transactions or occurrences to be proved in the amended pleading to a defendant who is not aware of his status as such when the original claim is filed. We hold that this rule does not apply to the naming of a new party-defendant to the action. It is not authority for the relation back of a claim against a new party.
Id., 341 N.C. at 187, 459 S.E.2d at 717 (emphasis added). Further, this Court in Wicker v. Holland, 128 N.C. App. 524, 495 S.E.2d 398 (1998), held that under Rule 15(c) it is irrelevant whether the party being designated as the defendant had notice of the proceedings because of the limited reach of the rule. Id., 128 N.C. App. at 527, 495 S.E.2d at 400. This Court concluded the scope of Rule 15(c) as interpreted by Crossman does not allow parties to be added even if they had notice of the proceedings.
In this case, plaintiff attempted to use Rule 15(c) to amend his complaint and substitute the party-defendant by adding Kwok as the defendant so that his claim related back to the date he filed the original complaint. However, Crossman clearly holds that Rule 15(c) does not allow plaintiff to add or substitute a party-defendant. Further, under Wicker, it is irrelevant whether plaintiff's claims relate back because Rule 15(c) does not allow the addition or substitution of party-defendants. Thus, plaintiff was required to file a separate complaint against Kwok before the statute of limitations expired. Therefore, we conclude the trial court did not err by denying plaintiff's motion to amend the complaint and determining that plaintiff's claim against Kwok was barred by the statute of limitations.
Plaintiff concludes the trial court erred by granting summary judgment in favor of IGB, LLC and asks for the case to be remanded, but has not presented an argument in support of this claim. Therefore, this assignment of error is deemed abandoned pursuant to N.C. R. App. P. 28 (b)(6).
Affirmed.
Judges McGEE and STEPHENS concur.
Report per Rule 30(e).