DANA M. CROSSMAN v. VAN DOLAN MOORE; AND VAN DOLAN MOORE, II, INDIVIDUALLY

No. 327PA94

(Filed 28 July 1995)

**Limitations, Repose, and Laches § 150 (NCI4th)— amendment to complaint—party added—relation back**

The trial court correctly denied plaintiff's motion that an amendment to a complaint arising from an automobile accident relate back to the time of the filing of the complaint. N.C.G.S. § 1A-1, Rule 15(c) does not apply to the naming of a new party-defendant to the action. It speaks of claims and nowhere mentions parties; the original claim cannot give the notice required by the rule of the transactions or occurrences to be proved in the amended pleading to a defendant who is not aware of his status as such when the claim is filed. The holding in *Ring Drug Co. v. Carolina Medicorp Enterprises*, 96 N.C. App. 277, is overruled and the rationale of *Stevens v. Nimocks*, 82 N.C. App. 350, *Callicut v. Motor Co.*, 14 N.C. 736 and *Teague v. Motor Co.*, 14 N.C. App. 210, is not approved so far as it is inconsistent with this opinion.

**Am Jur 2d, Limitation of Actions §§ 232-235.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 115 N.C. App. 372, 444 S.E.2d 630 (1994), affirming an order of the superior court by Ferrell, J., at

the 28 June 1993 Civil Session of Superior Court, Mecklenburg County. Heard in the Supreme Court 12 April 1995.

This is an action for personal injury arising from an automobile accident that occurred on 25 January 1989. This action was commenced on 24 January 1992. The original defendants were Van Dolan Moore and Dolan Moore Company, Inc. The plaintiff has taken a dismissal as to Dolan Moore Company, Inc., and it is not involved in this appeal.

Van Dolan Moore moved for summary judgment based partly on the fact that he was not the driver of the vehicle but that his son Van Dolan Moore, II was the driver at the time of the accident. The plaintiff moved to amend the complaint to make Van Dolan Moore, II a party-defendant. She also moved that the court enter an order that the amendment relate back to the filing of the complaint.

The superior court allowed the motion for summary judgment by Van Dolan Moore, allowed the motion by the plaintiff to add Van Dolan Moore, II as a defendant, and denied the motion by the plaintiff that the amendment relate back to the time of the filing of the complaint. The plaintiff appealed from the denial of her motion that the amendment relate back to the time of the filing of the complaint. The Court of Appeals affirmed.

We allowed discretionary review.

*Wishart, Norris, Henninger & Pittman, P.A., by William H. Elam and June K. Allison, for plaintiff-appellant.*

*Kennedy Covington Lobdell & Hickman, L.L.P., by F. Fincher Jarrell, for defendant-appellee.*

WEBB, JUSTICE.

We note first that the refusal of the court to order the relation back of the amendment making Van Dolan Moore, II a party in effect determines the case because defendant Van Dolan Moore, II may plead the statute of limitations. The order is appealable. N.C.G.S. § 1-277 (1983); *Oestreicher v. Stores,* 290 N.C. 118, 225 S.E.2d 797 (1976).

This case brings to the Court a question as to the interpretation of N.C.G.S. § 1A-1, Rule 15(c), which provides:

(c) *Relation back of amendments.*—A claim asserted in an amended pleading is deemed to have been interposed at the time

CROSSMAN v. MOORE

[341 N.C. 185 (1995)]

the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.

N.C.G.S. § 1A-1, Rule 15(c) (1990).

Unlike the other sections of the Rule and the rules in general, subsection (c) is not based on the federal counterpart. Rather, it is drawn from the New York Civil Practice Law and Rules, Rule 203(e). N.C.G.S. § 1A-1, Rule 15(c), cmt.

We believe the resolution of this case may be had by discerning the plain meaning of the language of the rule. Nowhere in the rule is there a mention of parties. It speaks of claims and allows the relation back of claims if the original claim gives notice of the transactions or occurrences to be proved pursuant to the amended pleading. When the amendment seeks to add a party-defendant or substitute a party-defendant to the suit, the required notice cannot occur. As a matter of course, the original claim cannot give notice of the transactions or occurrences to be proved in the amended pleading to a defendant who is not aware of his status as such when the original claim is filed. We hold that this rule does not apply to the naming of a new party-defendant to the action. It is not authority for the relation back of a claim against a new party.

We believe the interpretation we give to this section is consistent with the interpretation given a similar statute in New York. *See Brock v. Bua*, 83 A.D.2d 61, 443 N.Y.S.2d 407 (1981). We recognize that other jurisdictions follow a different rule than the one we enunciate today. *Schiavone v. Fortune*, 477 U.S. 21, 91 L. Ed. 2d 18 (1986). We note, however, that the language of our rule differs substantively from those rules. *See* Fed. R. Civ. P. 15(c).

The Court of Appeals has faced the issue presented by this case in *Stevens v. Nimocks*, 82 N.C. App. 350, 346 S.E.2d 180, *cert. denied*, 318 N.C. 511, 349 S.E.2d 873 (1986), *reconsideration denied*, 318 N.C. 702, 351 S.E.2d 760 (1987), *Calicutt v. Motor Co.*, 37 N.C. App. 210, 245 S.E.2d 558 (1978), and *Teague v. Motor Co.*, 14 N.C. App. 736, 189 S.E.2d 671 (1972). In each of these cases, the Court of Appeals refused to allow an amendment adding a party to relate back to the filing of the complaint, although it did not use the rationale we apply in this case. In *Ring Drug Co. v. Carolina Medicorp Enterprises*, 96 N.C. App. 277, 385 S.E.2d 801 (1989), the Court of Appeals allowed an

amendment naming a new party to relate back to the filing of the complaint. We overrule the holding in *Ring*, and do not approve of the rationale of the other three cases so far as they are inconsistent with the reasoning of this opinion.

For the reasons stated in this opinion, we affirm the decision of the Court of Appeals.

AFFIRMED.