RUTH P. WICKER, Plaintiff v. KENNETH W. HOLLAND, GAIL M. HOLLAND and GEORGE SIPSIS, Defendants v. KENNETH W. HOLLAND and GAIL M. HOLLAND, Third-Party Plaintiffs v. BOLES PAVING INCORPORATED d/b/a SEDGEFIELD PAVING, Third-Party Defendant

NO. COA97-264

(Filed 3 February 1998)

### 1. Pleadings § 378 (NCI4th)— motion to amend—new party— denied

In a negligence action resulting from damage to plaintiff's building, the trial court did not err by denying plaintiff's motion to amend her complaint to add a defendant. N.C.G.S. § 1A-1, Rule

15(c) allows for the addition of new claims but does not allow the naming of a new party.

**2. Appeal and Error § 418 (NCI4th)— brief—no reference to assignment of error—discrepancy between argument and assignment of error**

Issues raised in plaintiff's brief were not considered where the argument was not the subject of an assignment of error and there was a discrepancy between the assignment of error and the argument.

Appeal by plaintiff from orders entered 5 December 1996 and 6 December 1996 by Judge Thomas W. Ross in Guilford County Superior Court. Heard in the Court of Appeals 28 October 1997.

*Greeson, Griffin & Associates, by Harold F. Greeson and George Podgorny, Jr., for plaintiff-appellant.*

*Pinto, Coates & Kyre, L.L.P., by Paul D. Coates and William L. Hill, for defendants-appellees Kenneth W. Holland and Gail M. Holland.*

*Douglas E. Wright for defendant-appellee George Sipsis.*

*Teague, Rotenstreich & Stanaland, by Michael D. Holt and Ian J. Drake, for third-party defendant-appellee Boles Paving.*

WYNN, Judge.

N.C. Gen. Stat. § 1A-1, Rule 15(c) provides:

A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.

In this case, plaintiff Ruth P. Wicker argues that Rule 15 permits her to amend her pleading to designate third-party defendant Boles Paving, Inc. ("Boles") as a defendant to her original complaint so as to allow the relation back rule to apply. However, because our Supreme Court in *Crossman v. Moore*, 341 N.C. 185, 187, 459 S.E.2d 715, 717 (1995) unequivocally observed that "[n]owhere in the rule is there a mention of parties" and held that the rule "does not apply to the naming of a new party-defendant to the action," we must affirm

the trial court's refusal to allow her to amend her complaint to include Boles as a party.

In April of 1993, Kenneth W. Holland and his wife leased some land to George Sipsis. Ruth Wicker owned a building adjoining the property. Sipsis, intending to use the property for a parking lot, contracted with Boles to prepare the land for that use. While Boles performed the work for Sipsis, Wicker's property was damaged.

Wicker sued the Hollands and Sipsis on 2 June 1995 for negligently damaging her building. The complaint alleged that either the defendants' or an agent of the defendants' use of a soil compactor in the area around her building caused severe damage to her building. As a result, the business to which she had been leasing the building vacated the premises. The original complaint did not name Boles as a defendant.

Following the filing of their answers to Wicker's complaint, the Hollands filed a third-party complaint against Boles and Sipsis filed a cross-claim against Boles.

In September of 1996, the Hollands and Sipsis moved for summary judgment. Thereafter, on 16 September 1996, Wicker moved to amend her complaint to designate Boles as a defendant. The trial court denied her motion to amend and subsequently granted the Hollands's and Sipsis's motions for summary judgment. Wicker appeals from both actions.

I.

[1] Wicker first argues that the trial court committed reversible error by denying her motion to amend the complaint to add Boles as a party defendant. We disagree.

Wicker acknowledges that our Supreme Court has previously held that N. C. Gen. Stat. § 1A-1, Rule 15(c) "does not apply to the naming of a new party-defendant to [an] action." *Crossman v. Moore*, 341 N.C. 185, 187, 459 S.E.2d 715, 717 (1995). The Supreme Court based this holding on the plain language of the rule, stating:

> [n]owhere in the rule is there a mention of parties. It speaks of claims and allows the relation back of claims if the original claim gives notice of the transactions or occurrences to be proved pursuant to the amended pleading. When the amendment seeks to add a party-defendant or substitute a party-defendant to the suit, the required notice cannot occur. As a matter of course, the orig-

WICKER v. HOLLAND

[128 N.C. App. 524 (1998)]

inal claim cannot give notice of the transactions or occurrences to be proved in the amended pleading to a defendant who is not aware of his status as such when the original claim is filed.

*Id. See also Rogerson v. Fitzpatrick*, 121 N.C. App. 728, 732, 468 S.E.2d 447, 450 (1996) (pointing out that under *Crossman* "Rule 15(c) applies only to allow the addition of new claims and not further defendants" and "*Crossman* prohibits the addition of new defendants under Rule 15(c).")

Wicker argues that the present case is distinguishable from *Crossman* because Boles was designated as a third-party defendant and would suffer no prejudice by being designated as a party-defendant because it was on notice of the claim. This argument is irrelevant under *Crossman*'s analysis of the limited reach of Rule 15(c). Wicker sought to add a party, and such action is not authorized by the rule. Accordingly, we must find no error in the trial court's denial of her motion to amend.

II.

Wicker next argues that the trial court erred by granting the Holland's and Sipsis's motions for summary judgment. We do not consider the merits of this contention.

[2] First, we note that the argument presented in her brief does not reference an assignment of error. Under N.C.R. App. P. 28(b)(5), "[i]mmediately following each question [presented] shall be a reference to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal." Failure to comply with this rule subjects an appeal to dismissal. *See State v. Shelton*, 53 N.C. App. 632, 635, 281 S.E.2d 684, 688 (1981), *appeal dismissed and disc. review denied*, 305 N.C. 306, 290 S.E.2d 707 (1982).

More serious is a discrepancy between the assignment of error and the argument presented in her brief. Wicker assigned as error the following:

The court's granting of defendants Kenneth W. Holland, Gail M. Holland and George Sipsis' motions for summary judgment under [N.C.R. Civ. P. 56] on the grounds that as a matter of law, a genuine issue of material fact existed.

In her brief, Wicker did not present any argument that there was a genuine issue of material fact. Relying on *Waters v. Biesecker*, 309

N.C. 165, 305 S.E.2d 539 (1983), and *Davis v. Summerfield*, 133 N.C. 325, 45 S.E. 654 (1903), she argued that based on the facts before the court the defendants should be liable both for the actions of Boles and for failing to warn her that they had contracted for the construction work.

The "scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal in accordance with this Rule." N.C.R. App. P. 10(a). Accordingly, we do not consider the issues raised in Wicker's brief because they were not the subject of an assignment of error. Furthermore, because the issue that was addressed by the assignment of error was not raised in her brief, it is deemed abandoned. *See* N.C.R. App. P. 28(b)(5).

For the reasons given above, the orders of the trial court are

Affirmed.

Judges EAGLES and MARTIN, Mark D., concur.