RONALD MABEE AND WIFE BEVERLY MABEE, PLAINTIFFS-APPELLANTS v. ONSLOW COUNTY SHERIFF'S DEPARTMENT, ED BROWN, IN HIS CAPACITY AS SHERIFF OF ONSLOW COUNTY, KIRK NEWKIRK, IN HIS CAPACITY AS A DEPUTY SHERIFF FOR THE COUNTY OF ONSLOW, SEVERAL UNKNOWN DEPUTY SHERIFFS IN THEIR CAPACITY AS DEPUTY SHERIFFS OF THE COUNTY OF ONSLOW, CHARLES J. ROBERTS, IN HIS INDIVIDUAL CAPACITY, DEFENDANTS-APPELLEES

No. COA04-1628

(Filed 18 October 2005)

**Process and Service— service on sheriff and deputy—agent of clerk of court**

Appellants did not comply with statutory requirements in serving a sheriff and a deputy because the deputy who executed service had not been designated as the agent of the clerk of court, as required by N.C.G.S. § 162-16.

Appeal by defendants from order entered 12 July 2004 by Judge Kenneth Crow in Onslow County Superior Court. Heard in the Court of Appeals 17 August 2005.

*Jeffrey S. Miller for plaintiffs-appellants.*

*Womble Carlyle Sandridge & Rice, L.L.P., by Mark A. Davis, for defendants-appellees.*

CALABRIA, Judge.

Ronald and Beverly Mabee ("appellants") appeal the 12 July 2004 order granting a motion to dismiss with prejudice as to Ed Brown, Kirk Newkirk, and the Onslow County Sheriff's Department ("appellees"). The trial court granted appellees' motion citing insufficiency of service of process and lack of personal jurisdiction. We agree.

On 30 May 2000 and again on 27 June 2000, appellee Kirk Newkirk, Deputy Sheriff of Onslow County, North Carolina, and several other Onslow County deputies, investigated the private residence of appellants at 202 Crooked Creek Road, Jacksonville, Onslow County. On 28 May 2003, the appellants filed a complaint alleging, *inter alia*, the police work at their residence was an illegal trespass to private property, which terrorized them.

On 28 May 2003, the same day the complaint was filed, the deputy clerk of the Superior Court issued summonses to appellees. Subse-

MABEE v. ONSLOW CTY. SHERIFF'S DEP'T

[174 N.C. App. 210 (2005)]

quently, Deputy Sheriff Roger Lanier purported to serve the summons and complaint on Onslow County, the Onslow County Sheriff's Department, Sheriff Ed Brown, and Deputy Sheriff Kirk Newkirk by delivering copies and returning the summons with the appropriate certifications.[1] The appellees answered the complaint and included a motion to dismiss. On 30 June 2004, Superior Court Judge Kenneth F. Crow granted appellees' motion to dismiss with prejudice all claims against them based upon insufficiency of process and lack of personal jurisdiction pursuant to North Carolina Rules of Civil Procedure 12(b)(2) and 12(b)(5). Appellants appeal.

Appellants contend that the court erred by granting appellees' motion to dismiss for insufficiency of service of process and lack of personal jurisdiction. Appellants argue that the statute appellees cited as grounds to support their motion to dismiss, N.C. Gen. Stat. § 162-16, was meant to benefit, not burden, a plaintiff attempting service of process upon a sheriff and his deputies. Moreover, appellants maintain the statute permits a deputy to serve his sheriff as well as his fellow deputies. We find this argument unavailing.

North Carolina General Statutes § 162-16 (2003) provides the exclusive means to effectuate service of process upon a sheriff and his deputies:

> if the sheriff be a party, the coroner *shall* be bound to perform the service, as he is now bound to execute process where the sheriff is a party. . . . In those counties where the office of coroner has been abolished, or is vacant, and in which process is required to be served or executed on the sheriff, the authority to serve or execute such process *shall* be vested in the clerk of court; however, the clerk of court is hereby empowered to designate and direct by appropriate order some person to act in his stead to serve or execute the same.

(Emphasis added).

This Court has unequivocally stated that "[w]hen a statute prescribes the manner for proper notification, the summons *must be issued and served in that manner.*" *Johnson v. City of Raleigh*, 98 N.C. App. 147, 149, 389 S.E.2d 849, 851, *disc. rev. denied*, 327 N.C. 140, 394 S.E.2d 176 (1990) (emphasis added). The requirements regarding

---

1. Plaintiffs-appellants voluntarily dismissed all claims against appellee Onslow County and admit that as to appellee Charles J. Roberts and appellees "unknown deputies" of Onslow County, service of process never occurred and the time for proper service has expired.

adequate service of process "must be construed strictly and the prescribed procedure must be followed strictly" such that if the necessary procedures are not adhered to "there is no valid service." *Greenup v. Register*, 104 N.C. App. 618, 620, 410 S.E.2d 398, 400 (1991). Finally, although "defective . . . service may be sufficient to give the party actual notification of the proceedings, such actual notice does not give the court jurisdiction over the party." *Johnson*, 98 N.C. App. at 149, 389 S.E.2d at 851. *Accord Hunter v. Hunter*, 69 N.C. App. 659, 662, 317 S.E.2d 910, 911 (1984).

The appropriate means to effectuate personal service of process upon a sheriff or his deputies is provided in N.C. Gen. Stat. § 162-16. *See Goodwin v. Furr*, 25 F. Supp. 2d 713, 717-18 (M.D.N.C. 1998) (holding that a deputy sheriff cannot serve a fellow deputy sheriff because such an action fails to comply with N.C. Gen. Stat. § 162-16). In order to comply with the statute, appellants were required to deviate from the standard procedure for personal service of process provided for in Rule 4 of the North Carolina Rules of Civil Procedure.[2] Specifically, after appellants delivered the summons and complaint to the Onslow County Clerk of Superior Court, if they wished to have defendants personally served, they were required to ensure that only a coroner or, if no coroner, the clerk of court or his or her designee would serve the sheriff and deputies. In this case, Deputy Sheriff Roger Lanier served both Sheriff Ed Brown and Deputy Sheriff Kirk Newkirk; such service was improper since the clerk of court never designated Deputy Lanier as her agent to serve them. Appellants failed to comply with the requirements of N.C. Gen. Stat. § 162-16; therefore, the appellants were never properly served, and we affirm the trial court's dismissal.

Affirmed.

Judges ELMORE and GEER concur.

---

2. Rule 4 provides, with respect to personal service as opposed to substitute service, that "[t]he complaint and summons shall be delivered to some proper person for service. In this State, such proper person shall be the sheriff of the county where service is to be made or some other person duly authorized by law to serve summons."