JOHN C. LANGLEY, PLAINTIFF v. KEVIN BAUGHMAN, DEFENDANT

No. COA08-378

(Filed 20 January 2009)

**Process and Service— erroneous name—actual notice**

An order denying a motion to amend a summons and complaint to correct defendant's name was reversed where defendant received notice of the original claim despite the error. The summons listed the correct address and was delivered to defendant, he appeared at the arbitration hearing, and the same error appears on the original contract.

Appeal by plaintiff from judgment entered 4 January 2008 by Judge Rebecca W. Blackmore in New Hanover County District Court. Heard in the Court of Appeals 8 October 2008.

*Sue Genrich Berry for defendant.*

*Crossley McIntosh Collier Hanley & Edes, PLLC, by Andrew J. Hanley, for plaintiff.*

ELMORE, Judge.

John C. Langley (plaintiff) appeals an order denying his motion to amend a summons and complaint. For the reasons stated below, we reverse the order of the trial court.

On 24 May 2002, Kevin Baughman (defendant) signed a contract that read, in its entirety, as follows:

May 24, 2002

Kevin Bachman

B&B Tree Service

This contract will make Mr. Kevin Bachman the responsible Party for Rent/Lease Payment on 1985 Chevy Dump Truck. This payment is due weekly at Two Hundred Dollars ($ 200.00) per week. As of this date, May 24th, balance on this Contract is Four Thousand Six Hundred Dollars ($ 4,600.00).

Owner:

John C. Langley

Leasee [*sic*]: Kevin Baughman (signed)
Lessor: John C. Langley (signed)

After defendant took possession of the dump truck, it caught fire and the cab sustained significant damage. Plaintiff filed a complaint on 31 March 2003 for breach of contract and negligence. He alleged that defendant still owed him $5,200.00 under the lease agreement and had negligently caused $4,000.00 in damages to the truck. The complaint named "Kevin Bachman" as the defendant, as did the civil summons. The case was selected for arbitration. The notices of case selection for arbitration also named "Kevin Bachman" as the defendant. These were issued 5 May 2004, 21 June 2004, and 20 July 2004. The arbitration hearing occurred on 12 August 2004 and the arbitrator awarded plaintiff $5,200.00. Defendant personally attended the arbitration hearing.

The arbitration award and judgment, filed 12 August 2004, states "Kevin Bachman" in typeface under "Defendant," but includes a handwritten notation of "AKA Baughman" after "Bachman." Under

"Name(s) of Party(ies) From Whom Award Recoverable" is handwritten "Kevin Bachman aka Baughman."

On 12 September 2005, defendant submitted a handwritten request for an exemption hearing and an attorney to represent him at the hearing. His request stated, "I had someone else write this letter, because I am unable to read, write or spell."

On 22 September 2005, defendant filed a motion to quash execution and/or relief from judgment or order because he had "never been properly sued, nor properly served in this case," rendering the arbitration judgment void. On 25 October 2005, the trial court entered an order granting defendant's motion. The order stated that "Kevin Baughman was never served with a suit naming him as the Defendant, nor was Plaintiff's suit ever amended to properly name Mr. Baughman as Defendant. Further, there was no service of summons naming Kevin Baughman as the Defendant in this suit." Accordingly, the trial court set aside the arbitration award and judgment and quashed any writ of execution on that order, declaring that order null and void.

On 12 October 2006, plaintiff filed a motion pursuant to Rules 4(i) and 15 "to allow the amendment of the Summons and Complaint filed in this case to correctly spell the Defendant's name as Kevin Baughman and to allow the amendment to relate back to the date of initial filing." By 4 January 2008 order, the trial court denied plaintiff's motion. Plaintiff appeals.

Plaintiff argues that he "merely sought to correct the name of a party already before the Court" and that defendant would have suffered no material prejudice. We agree.

" 'A motion to amend is addressed to the discretion of the court, and its decision thereon is not subject to review except in case of manifest abuse.' " *Hunter v. Guardian Life Ins. Co. of Am.*, 162 N.C. App. 477, 486, 593 S.E.2d 595, 601 (2004) (quoting *Calloway v. Motor Co.*, 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972)). Rule 15 provides, in relevant part, that a "claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." N.C. Gen. Stat. § 1A-1, Rule 15(c) (2007).

Our Supreme Court interpreted Rule 15(c) in *Crossman v. Moore*, 341 N.C. 185, 459 S.E.2d 715 [(1995),] and stated:

When the amendment seeks to add a party-defendant or sub-
stitute a party-defendant to the suit, the required notice can-
not occur. As a matter of course, the original claim cannot
give notice of the transactions or occurrences to be proved
in the amended pleading to a defendant who is not aware of
his status as such when the original claim is filed. We hold
that this rule does not apply to the naming of a new party-
defendant to the action. It is not authority for the relation
back of a claim against a new party.

*Id.* at 187, 459 S.E.2d at 717.

We have construed the *Crossman* decision to mean that Rule
15(c) is not authority for the relation back of claims against a
new party, but *may* allow for the relation back of an amend-
ment to correct a mere misnomer. . . . [T]he notice requirement
of Rule 15(c) cannot be met where an amendment has the effect
of adding a new party to the action, *as opposed to correcting
a misnomer.*

*Liss v. Seamark Foods,* 147 N.C. App. 281, 283-84, 555 S.E.2d 365,
367 (2001) (additional quotations and citations omitted). In
*Seamark Foods,* the plaintiff named "Seamark Foods" as the de-
fendant in the complaint and summons, although the defendant's
legal name was "Seamark Enterprises, Inc." *Id.* at 285, 555 S.E.2d
·at 368. The plaintiff moved to amend his complaint and summons
to reflect the correct name and for those amendments to relate
back to the filing of the original complaint. *Id.* at 282, 555 S.E.2d at
366-67. The trial court denied the plaintiff's motion, but we reversed
because the complaint and summons named the correct address and
both Seamark and its attorneys received actual notice of the claim.
*Id.* at 285-86, 555 S.E.2d at 368. We held that the plaintiff's motion to
amend would not have had the effect of adding a new party to the
action but instead merely would have corrected a misnomer. *Id.* at
286, 555 S.E.2d at 369.

Here, as in *Seamark Foods,* defendant received notice of the orig-
inal claim despite the error in his name. The summons listed his cor-
rect address and was delivered to him. He appeared at the arbitration
hearing despite the error, demonstrating that he had actual notice and
was not prejudiced by the error. The same error appears on the orig-
inal contract between the parties, which defendant signed. That
defendant is illiterate may have contributed to this oversight, but we
do not speculate on its role.

IN RE S.L.T. & A.A.T.

[195 N.C. App. 127 (2009)]

Accordingly, the decision of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed.

Judges HUNTER, Robert C., and GEER concur.