PAY TEL COMMUNICATIONS, INC., PLAINTIFF v. CALDWELL COUNTY AND SHERIFF OF CALDWELL COUNTY, DEFENDANTS

No. COA09-935

(Filed 4 May 2010)

**1. Venue— motion to change—properly granted**

The trial court did not err in granting defendant's motion for a change of venue from Wake County to Caldwell County because defendants were public officers and the cause of action arose in Caldwell County. Moreover, consent to conduct arbitration proceedings in Wake County did not constitute consent to that venue for any judicial proceedings.

**2. Appeal and Error— issue not preserved for appellate review—trial court did not rule on motion**

Defendant's argument that the trial court erred by failing to grant plaintiff's motion to compel arbitration was not properly before the Court of Appeals where the trial court did not address plaintiff's motion to compel arbitration.

Appeal by plaintiff from order entered 16 April 2009 by Judge Robert H. Hobgood in Wake County Superior Court. Heard in the Court of Appeals 28 January 2010.

*Tuggle Duggins & Meschan, P.A., by Kenneth J. Gumbiner and Martha R. Sacrinty, for plaintiff-appellant.*

*Wilson, Lackey & Rohr, P.C., by David S. Lackey, for defendant-appellees.*

CALABRIA, Judge.

Pay Tel Communications, Inc. ("plaintiff") appeals an order granting the change of venue motion of Caldwell County ("the County") and Sheriff Alan C. Jones, the Sheriff of Caldwell County ("Sheriff Jones") (collectively "defendants"). We affirm.

## I. Background

Plaintiff is a North Carolina corporation that provides inmate telecommunications equipment and services. Plaintiff first entered into an agreement with defendants to provide the Caldwell County Jail with inmate telephone services in May 1990. Under the agreement, plaintiff was designated as the exclusive provider of inmate telephone services for a period of five years, until May 1995. In November 1994, the parties extended their agreement for an additional five year period, until May 2000. In August 1999, then Caldwell County Sheriff Roger L. Hutchings ("Sheriff Hutchings") executed an agreement with plaintiff to extend inmate telephone services in the Caldwell County Jail until 17 May 2005 ("the 1999 extension"). Sheriff Hutchings signed the 1999 extension directly beneath the party headings "Caldwell County" and "Sheriff of Caldwell County." Additionally, the line below Sheriff Hutchings' signature identified him as the "Authorized Agent for Sheriff and County." However, the County denies that Sheriff Hutchings had the authority to act as their agent.

In September 2003, the parties purported to enter into an addendum to the 1999 extension ("the Addendum"), which further extended the contract until 17 May 2009. Captain George Marley ("Capt. Marley"), a deputy sheriff, signed the Addendum, which identified Capt. Marley as an "Authorized Agent for [the] County." Both Sheriff Jones and the County deny that Capt. Marley was authorized to act as their respective agents.

In a letter dated 16 January 2008, Captain C.A. Brackett, Detention Administrator for the Caldwell County Jail, informed plaintiff that "the Caldwell County Sheriff's Office/Detention Center wishes to terminate any and all services." Plaintiff's attorney subsequently sent Sheriff Jones correspondence on multiple occasions advising Sheriff Jones that this cancellation constituted a breach of the 1999 extension and the Addendum.

The 1999 extension included a dispute resolution clause that required the parties to submit any dispute involving the 1999 exten-

sion to binding arbitration ("the arbitration clause"). Specifically, the arbitration clause provided:

> Any and all claims or disputes arising out of or relating to this Agreement or the breach thereof shall be decided by binding arbitration in accordance with the rules governing arbitration of the Private Adjudication Center, an adjunct to the Duke University School of Law. Venue for such arbitration shall be Raleigh, North Carolina unless otherwise agreed by the parties. At the conclusion of this arbitration, the award may be confirmed by order of any court having jurisdiction over the parties.

The Private Adjudication Center mentioned in the arbitration clause subsequently ceased to operate.

On 8 December 2008, plaintiff filed an "Application for Appointment of Arbitrator" ("the Application") in Wake County Superior Court, in order to initiate arbitration proceedings. In response, defendants filed a motion for change of venue and answer to the Application on 12 January 2009. Defendants argued that the 1999 extension and the Addendum were invalid because they were not executed by authorized agents and that, as a result, they were not bound by these contracts. Defendants requested transferring the case to Caldwell County Superior Court for a determination of the validity of the 1999 extension and the Addendum.

Plaintiff then filed a motion to compel arbitration on 22 January 2009. Both parties submitted written arguments to the trial court on the motion to change venue, and plaintiff additionally submitted written arguments on its motion to compel arbitration. After a hearing on the matters, on 16 April 2009, the trial court granted defendants' motion to change venue. The trial court's order was limited to the motion to change venue and did not address plaintiff's motion to compel arbitration. Plaintiff appeals.

## II. Venue

[1] As an initial matter, we note that the trial court's order granting defendants' motion to change venue is an interlocutory order, and thus, not generally subject to appellate review. "However, grant or denial of a motion asserting a statutory right to venue affects a substantial right and is immediately appealable." *Snow v. Yates*, 99 N.C. App. 317, 319, 392 S.E.2d 767, 768 (1990). We therefore consider the merits of plaintiff's venue claim.

Plaintiff argues that the trial court erred by granting defendants' motion for change of venue. We disagree.

Because of the dissolution of the Private Adjudication Center, the method of selecting an arbitrator under the terms of the 1999 extension failed. As a result, plaintiff filed the Application to facilitate the appointment of an arbitrator under the default provision of the North Carolina Uniform Arbitration Act ("NCUAA"), which was in effect at the time the 1999 extension was executed.[1] This provision stated:

> If the arbitration agreement provides a method of appointment of arbitrators, this method shall be followed. In the absence thereof, or if the agreed method fails or for any reason cannot be followed, or when an arbitrator appointed fails or is unable to act and his successor has not been duly appointed, the court on application of a party shall appoint one or more arbitrators. An arbitrator so appointed has all the powers of one specifically named in the agreement.

N.C. Gen. Stat. § 1-567.4 (2002). Additionally, the NCUAA contains a provision explaining the treatment of an application:

> Except as otherwise provided, an application to the court under this Article shall be by motion and shall be heard in the manner and upon the notice provided by law or rule of court for the making and hearing of motions. Unless the parties have agreed otherwise, notice of an initial application for an order shall be served in the manner provided by law for the service of a summons in an action.

N.C. Gen. Stat. § 1-567.16 (2002). The record on appeal indicates that defendants were each served by a civil summons.

"Venue is a procedural matter, and . . . the General Assembly has the constitutional authority to establish rules of procedure for the Superior Court Division." *Stephenson v. Bartlett*, 358 N.C. 219, 228, 595 S.E.2d 112, 118 (2004). "When reviewing a decision on a motion to transfer venue, the reviewing court must look to the allegations of the plaintiff's complaint." *Ford v. Paddock*, — N.C. App. —, —, 674 S.E.2d 689, 691 (2009) (citations omitted).

Under the terms of N.C. Gen. Stat. § 1-567.16, an application under the NCUAA initiates proceedings in the superior court, similar

---

1. The NCUAA has since been repealed and replaced by the Revised NCUAA, which applies to all agreements to arbitrate made on or after 1 January 2004. *See* 2003 N.C. Sess. Laws 345.

to a civil complaint. In the instant case, the Application filed by plaintiff names both Caldwell County and the Sheriff of Caldwell County as opposing parties. The Application alleged that defendants executed both the 1999 extension and, subsequently, the Addendum. Plaintiff further alleged that a dispute had arisen between the parties over the 1999 extension and the Addendum.

The NCUAA does not contain a venue provision.[2] The trial court determined that a change of venue was appropriate pursuant to N.C. Gen. Stat. § 1-77(2), which states:

> Actions for the following causes must be tried in the county where the cause, or some part thereof, arose, subject to the power of the court to change the place of trial, in the cases provided by law:
>
> . . .
>
> (2) Against a public officer or person especially appointed to execute his duties, for an act done by him by virtue of his office; or against a person who by his command or in his aid does anything touching the duties of such officer.

N.C. Gen. Stat. § 1-77(2) (2009). The purpose of this provision is to prevent public officials from being " 'required to forsake their civic duties and attend the courts of a distant forum.' " *Coats v. Hospital*, 264 N.C. 332, 333, 141 S.E.2d 490, 491 (1965) (quoting McIntosh, North Carolina Practice and Procedure § 284 (1st Ed. 1929)). In order to determine whether this provision applies, the following two questions must be addressed: "(1) Is defendant a 'public officer or person especially appointed to execute his duties'? [and] (2) In what county did the cause of action in suit arise?" *Id.*

Plaintiff concedes that defendants are public officers and that the cause of action, the alleged breach of the 1999 extension and the Addendum, occurred in Caldwell County. However, plaintiff contends that the Application was not an "action" against a public officer under N.C. Gen. Stat. § 1-77(2).

A civil action is defined by statute as "an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a

---

2. The Uniform Arbitration Act, promulgated by the National Conference of Commissioners on Uniform State Laws, did contain a venue provision. *See* Unif. Arbitration Act 1956 § 18. However, this provision was not adopted as part of the NCUAA.

wrong, or the punishment or prevention of a public offense." N.C. Gen. Stat. § 1-2 (2009). In the instant case, plaintiff filed the Application seeking an order by the trial court to enforce its right to have an arbitrator appointed under the default provision of the NCUAA. Additionally, the NCUAA makes clear that "notice of an initial application for an order shall be served in the manner provided by law for the service of a summons *in an action*." N.C. Gen. Stat. § 1-567.16 (2002) (emphasis added). Thus, we conclude that the trial court properly treated the Application as an "action" against a public official for the purposes of N.C. Gen. Stat. § 1-77(2).

However, plaintiff argues that even if the Application constituted an "action," defendants waived their right to transfer venue under the terms of the 1999 extension. "Venue not being jurisdictional may be waived by any party, including the government." *Teer Co. v. Hitchcock Corp.*, 235 N.C. 741, 744, 71 S.E.2d 54, 56 (1952) (citations omitted). Waiver occurs when any action is filed in an improper county and there is not a timely demand that the trial be removed to the proper county. *Id.*

Plaintiff contends that the following portion of the 1999 extension constituted a waiver of venue by defendants: "Venue for such arbitration shall be Raleigh, North Carolina unless otherwise agreed by the parties." "An arbitration is an extrajudicial proceeding[.]" *Cotton Mills v. Textile Workers Union*, 238 N.C. 719, 721, 79 S.E.2d 181, 183 (1953). Consent to conduct the extrajudicial proceeding of arbitration in Wake County cannot be construed to also constitute consent to venue for any judicial proceedings that may involve issues associated with the arbitration.

Under the explicit language of the 1999 extension, defendants consented to conduct *arbitration* only in Wake County. Plaintiff has provided no evidence that defendants waived their right to venue pursuant to N.C. Gen. Stat. § 1-77(2). To the contrary, the record in the instant case clearly indicates that defendants filed a motion to change venue contemporaneously with their answer to the Application. This filing was sufficiently timely to preserve defendants' right to contest venue. Plaintiff's assignment of error is overruled.

### III. Motion to Compel Arbitration

[2] Plaintiff argues that the trial court erred by failing to grant plaintiff's motion to compel arbitration. This issue is not properly before this Court. Plaintiff is correct that " 'an order denying arbitration is immediately appealable because it involves a substantial right. . . .' "

*Pressler v. Duke Univ.,* —— N.C. App. ——, ——, 685 S.E.2d 6, 9 (2009) (quoting *Martin v. Vance,* 133 N.C. App. 116, 119, 514 S.E.2d 306, 308 (1999)). However, although a motion to compel arbitration was filed by plaintiff, there is no order denying arbitration in the instant case. Plaintiff appealed from the trial court's "Order Granting Defendants' Motion For Change of Venue." This order regarding venue did not address, in any way, plaintiff's motion to compel arbitration.

> In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. *It is also necessary for the complaining party to obtain a ruling upon the party's request, objection, or motion.*

N.C.R. App. P. 10(b)(1) (2008) (emphasis added). The trial court must rule on plaintiff's motion to compel arbitration before the right to appellate review is established. This assignment of error is overruled.

## IV. Conclusion

Because defendants are public officers and this cause of action arose in Caldwell County, the trial court properly granted defendants' motion for change of venue to Caldwell County pursuant to N.C. Gen. Stat. § 1-77(2) (2009).

Affirmed.

Judges GEER and STEPHENS concur.