LATRECIA TREADWAY, PLAINTIFF v. SUSANNA KRAMMER DIEZ, GENE LUMMUS, GENE LUMMUS HARLEY DAVIDSON, INC., MIKE CALLOWAY, INDIVIDUALLY AND OFFICIALLY, JOHN DOE, INDIVIDUALLY AND OFFICIALLY, COUNTY OF BUNCOMBE, BUNCOMBE COUNTY SHERIFF'S DEPARTMENT, DEFENDANTS

HULIN K. TREADWAY, PLAINTIFF v. SUSANNA KRAMMER DIEZ, GENE LUMMUS, GENE LUMMUS HARLEY DAVIDSON, INC., MIKE CALLOWAY, INDIVIDUALLY AND OFFICIALLY, JOHN DOE, INDIVIDUALLY AND OFFICIALLY, COUNTY OF BUNCOMBE, BUNCOMBE COUNTY SHERIFF'S DEPARTMENT, DEFENDANTS

No. COA10-99, 10-100

(Filed 4 January 2011)

**Parties— motion to amend—substitution of a misnomer—correction to name of party served**

The trial court did not abuse its discretion by allowing plaintiffs' motion to amend to substitute "Van Duncan, Sheriff of Buncombe County" for "Buncombe County Sheriff's Department," or by denying defendant's motions to dismiss even though plaintiffs contended that defendant Sheriff's Department was not a legal entity subject to suit. Substitution in the case of a misnomer was not considered substitution of new parties, but a correction in the description of the party actually served. The various summonses were all served on the appropriate party, and defendant sheriff had notice that he was the target of a lawsuit dating back to the original claim.

Judge JACKSON dissenting in opinion prior to 31 December 2010.

Appeal by defendant Buncombe County Sheriff's Department from orders entered 8 October 2009 by Judge Bradley B. Letts in Buncombe County Superior Court. Heard in the Court of Appeals 16 September 2010.

*Hyler & Lopez, P.A., by Robert J. Lopez, for plaintiff.*

*Doughton & Hart PLLC, by Thomas J. Doughton and Amy L. Rich, for defendant.*

ELMORE, Judge.

On 3 December 2005, Latrecia Treadway and Hulin Keith Treadway (plaintiffs) were injured in a motor vehicle accident[1]

___

1. Plaintiffs initiated separate lawsuits against defendants for their injuries resulting from the accident; plaintiff Hulin Keith Treadway was the driver of the

during the Smoky Mountain Toy Run, an event that gathered toys and monetary donations for the Salvation Army and that involved a parade of motorcycles. Per their complaints, plaintiffs were on a motorcycle in the parade when Susanna Krammer Diez[2] pulled out in front of them in her car. The accident occurred at an intersection which, plaintiffs allege, two deputy sheriffs in the employ of Buncombe County Sheriff's Department (defendant Sheriff's Department) had been monitoring until just before the accident.

Plaintiffs filed their complaints on 2 December 2008, naming as a defendant, among others, "Buncombe County Sheriff's Department." Their amended complaints, filed 2 January 2009, said the same. A summons was issued in each case on 3 December 2008, and then an alias and pluries summons on 12 February 2009, after the amended complaints were filed. On 17 March 2009, plaintiffs mailed copies of the summonses, the alias and pluries summonses, the complaints, and the amended complaints to "Van Duncan, Sheriff of Buncombe County[.]"

On 13 April 2009, defendant Sheriff's Department filed an answer. On 12 May 2009 and 7 August 2009, plaintiffs caused further alias and pluries summonses to be issued; as with the previous summonses, the defendant each identified was Buncombe County Sheriff Department "c/o VAN DUNCAN SHERIFF[.]" On 8 September 2009, defendant Sheriff's Department filed a motion to dismiss on the basis that "Buncombe County Sheriff's Department is not a legal entity subject to suit[.]" On 22 September 2009, plaintiffs filed motions to amend/substitute asking to substitute "Van Duncan, Sheriff of Buncombe County[,]" for "Buncombe County Sheriff's Department." A hearing on all motions was conducted on 29 September 2009; the motion was granted on 2 October 2009.

Defendant Sheriff's Department asks that this Court reverse the trial court's denial of its motions to dismiss and grant of plaintiffs' motions to amend. The basis of its argument regarding its motion to dismiss is that defendant Sheriff's Department is "not a legal entity subject to suit"—a question that is resolved by the grant of plaintiffs' motions to amend. As such, we need consider here only whether the motion to amend was properly granted.

---

motorcycle, while plaintiff Latrecia Treadway was his passenger. Their briefs to this Court are virtually identical aside from their names, as are the briefs of defendant Buncombe County Sheriff's Department. As such, we consider both together here.

2. Ms. Diez was a party to the original action but not to this appeal.

" 'A motion to amend is addressed to the discretion of the court, and its decision thereon is not subject to review except in case of manifest abuse.' " *Hunter v. Guardian Life Ins. Co. of Am.*, 162 N.C. App. 477, 486, 593 S.E.2d 595, 601 (2004) (quoting *Calloway v. Motor Co.*, 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972)). Rule 15(c) of the North Carolina Rules of Civil Procedure, which governs the relation back of amendments, states:

> A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.

N.C. Gen. Stat. § 1A-1, Rule 15(c) (2009). The long-established general interpretation of this Rule, set out in *Crossman v. Moore*, is:

> We believe the resolution of this case may be had by discerning the plain meaning of the language of the rule. Nowhere in the rule is there a mention of parties. It speaks of claims and allows the relation back of claims *if the original claim gives notice of the transactions or occurrences to be proved pursuant to the amended pleading.* When the amendment seeks to add a party-defendant or substitute a party-defendant to the suit, the required notice cannot occur. As a matter of course, *the original claim cannot give notice of the transactions or occurrences to be proved in the amended pleading to a defendant who is not aware of his status as such when the original claim is filed.* We hold that this rule does not apply to naming of a new party-defendant to the action. It is not authority for the relation back of a claim against a new party.

341 N.C. 185, 187, 459 S.E.2d 715, 717 (1995) (emphases added). As our Supreme Court noted in *Electric Membership Corp. v. Grannis Brothers*, "[s]ubstitution in the case of a misnomer, is not considered substitution of new parties, but a correction in the description of the party or parties actually served." 231 N.C. 716, 720, 58 S.E.2d 748, 751 (1950).

Whether actual service upon, and the corresponding notice of the claim to, the correct party or entity was made is the key point on which our decisions in this area have turned. *See, e.g., Langley v. Baughman*, 195 N.C. App. 123, 126, 670 S.E.2d 913, 915 (2009) ("[The] defendant received notice of the original claim despite the error in

his name. The summons listed his correct address and was delivered to him.").

> When the misnomer or misdescription does not leave in doubt the identity of the party intended to be sued, or even where there is room for doubt as to identity, if service of process is made on the party intended to be sued, the misnomer or misdescription may be corrected by amendment at any stage of the suit.

*Franklin v. Winn Dixie Raleigh, Inc.*, 117 N.C. App. 28, 34, 450 S.E.2d 24, 28 (1994) (quotations and citation omitted); *see also Tyson v. L'eggs Products, Inc.*, 84 N.C. App. 1, 8, 351 S.E.2d 834, 838 (1987) (applying this rule and concluding that, "since the plaintiffs have sued and served the appropriate party, their delay in substituting the correct name of that party is not fatal").

Here, the various summonses were all served on Van Duncan, who was the sheriff, and thus the appropriate defendant for the suit, and who was himself later substituted in place of defendant Sheriff's Department as a defendant. As such, he did have notice that he was the target of a lawsuit dating back to the original claim.

Defendant alleges that this is not the key point in an argument that relies heavily on *Wicker v. Holland*, 128 N.C. App. 524, 526-27, 495 S.E.2d 398, 400 (1998). There, the plaintiff named a landowner and the tenant on her land as defendants when a contractor they hired to improve the land damaged her property. *Id.* at 526, 495 S.E.2d at 399-400. The defendants filed answers, and then the defendant landowner filed a third-party complaint against the contractor, while the defendant tenant filed a cross-claim against the contractor. *Id.* The contractor became a third-party defendant; the other two defendants then filed for summary judgment. *Id.* At that point—outside the statute of limitations—the plaintiff moved to amend her complaint to make the contractor a named defendant in the action, arguing that the amendment related back per Rule 15(c) because the contractor had notice of the claims against him due to his role as a third-party defendant. *Id.* The trial court denied the motion to amend, and this Court affirmed. *Id.* at 528, 495 S.E.2d at 401.

This case is distinguishable from the case at hand in two important ways. First, the plaintiff in *Wicker* was most certainly attempting to add a new party; even though the contractor was at that point named as a third-party participant in the litigation, granting the plaintiff's motion would have *added* a defendant—that is, it would have meant that there were suddenly four defendants where there had

originally been three—rather than simply renaming the same defendant. *See id.* at 527, 495 S.E.2d at 400 ("Wicker sought to add a party, and such action is not authorized by the rule."). And, second, on appeal to this Court, the plaintiff made no misnomer argument similar to the ones made in the case at hand—that is, the plaintiff at no point alleged that the correct party called by the wrong name had been served, but rather asked that an existing, properly named entity be reclassified to become a defendant.

As such, we hold that the trial court did not err in allowing plaintiffs' motions to amend, nor in denying defendant's motions to dismiss.

Affirmed.

Judge STEPHENS concurs.

Judge JACKSON dissents prior to 31 December 2010 by separate opinion.

JACKSON, Judge, dissenting.

Because I believe the trial court erred in denying defendant Sheriff's Department's motions to dismiss and allowing plaintiffs' motions to amend, I respectfully dissent.

In the cases *sub judice*, plaintiffs' respective complaints and amended complaints named as a party-defendant, "Buncombe County Sheriff's Department." A series of summonses and alias and pluries summonses each named "Buncombe County Sheriff's Department" as a party-defendant. The Sheriff's Department moved to dismiss because "Buncombe County Sheriff's Department is not a legal entity subject to suit[.]" Pursuant to North Carolina Rules of Civil Procedure, Rule 15(c), plaintiffs then moved to "amend/substitute" "Van Duncan, Sheriff of Buncombe County[,]" for "Buncombe County Sheriff's Department." On 2 October 2009, after the applicable statute of limitations had expired, the trial court granted plaintiffs' motions and denied defendant Sheriff's Department's motions.

Contrary to the majority's opinion, I do not think the substitution at issue constitutes a simple correction of a misnomer. Rather, plaintiffs sought to substitute a new party-defendant, Van Duncan, Buncombe County Sheriff—a natural person over whom the court could obtain jurisdiction—for the Sheriff's Department, over which the court could not obtain jurisdiction. *See* N.C. Gen. Stat.

§ 1A-1, Rule 4(j) (2009) (providing methods for service of process upon natural persons and certain legal entities). *See* also N.C. Gen. Stat. § 162-16 (2009) (setting forth requirements of service of process when a sheriff is a party). This is clear because, North Carolina General Statutes, section 162-1 establishes the office of the sheriff. N.C. Gen. Stat. § 162-1 (2009). In contrast, no provision is made for the establishment of a "Sheriff's Department" as a distinct legal entity with the capacity to be sued. Instead, section 162-24 provides that "[t]he sheriff may not delegate to another person the final responsibility for discharging his official duties, but he may appoint a deputy or employ others to assist him in performing his official duties." N.C. Gen. Stat. § 162-24 (2009).

Although the Sheriff received actual notice of plaintiffs' lawsuits in the cases *sub judice,* our Supreme Court has held that such notice is immaterial with respect to the operation of amendments to pleadings pursuant to Rule 15(c). *See Crossman v. Moore,* 341 N.C. 185, 187, 459 S.E.2d 715, 717 (1995) (explaining that Rule 15(c) "speaks of claims and allows the relation back of claims if the original claim gives notice of the transactions or occurrences to be proved pursuant to the amended pleading[]" and qualifying that, *"[w]hen the amendment seeks to add a party-defendant or substitute a party-defendant* to the suit, *the required notice cannot occur")* (emphasis added). Here, plaintiffs clearly contemplated substituting the Sheriff for the Sheriff's Department as the appropriate party-defendant by denominating the motions as motions to "amend/substitute." Rule 15(c) provides for the amendment of claims, and new *parties* cannot be added or substituted under the guise of an amended *claim. See id.* Furthermore, I am concerned that the precedent hereby established may erode, through the power of the judiciary, the legislatively effected Rule 4 of the North Carolina Rules of Civil Procedure.

Finally, I have not found, nor have counsel cited, a North Carolina case in which a Sheriff's Department rather than the Sheriff was sued. To the contrary, each case supports the proposition that the Sheriff is the proper party to be sued. *See, e.g., Pay Tel Communications, Inc. v. Caldwell County,* ___ N.C. App. ___, 692 S.E.2d 885 (2011) (naming "Sheriff of Caldwell County" as a party-defendant); *Boyd v. Robeson County,* 169 N.C. App. 460, 621 S.E.2d 1 (naming "Glenn Maynor, Sheriff of Robeson County, in his official and individual capacities" as a party-defendant), *disc. rev. denied,* 359 N.C. 629, 615 S.E.2d 866 (2005); *Summey v. Barker,* 142 N.C. App. 688, 544 S.E.2d 262 (2001) (naming "Ronald Barker, Forsyth County Sheriff" as a party-

defendant), *aff'd as modified,* 357 N.C. 492, 586 S.E.2d 247 (2003); *Clark v. Burke County*, 117 N.C. App. 85, 450 S.E.2d 747 (1994) (naming "Ralph E. Johnson, In His Capacity As Burke County Sheriff" as a party-defendant).[3]

Accordingly, I would reverse the trial court's orders.

Judge Jackson dissents by separate opinion prior to December 31, 2010.

———————————

3. Although *Mabee v. Onslow County Sheriff's Dep't,* 174 N.C. App. 210, 620 S.E.2d 307 (2005), *disc. rev. denied,* 360 N.C. 364, 629 S.E.2d 854 (2006), names a Sheriff's Department in the case's caption, Ed Brown—the Onslow County Sheriff— also was named as a party-defendant. *Id.* However, the issue in the case *sub judice* was not addressed in *Mabee,* which concerned the failure of the plaintiff to serve the Sheriff properly pursuant to North Carolina General Statutes, section 162-16.*Id.* at 211, 620 S.E.2d at 308.