DANA D. WEBB, Plaintiff v. DOUGLAS H. PRICE, II and NEW HANOVER
COUNTY SHERIFF'S DEPARTMENT, Defendants

No. COA10-284

(Filed 1 March 2011)

**Appeal and Error— interlocutory appeals—orders and statues
not applicable—no substantial right affected**

Defendant's appeal from the trial court's denial of his motion
to dismiss plaintiff's negligence complaint was dismissed.
Because N.C.G.S. § 162-16 governs only a method of personal ser-
vice of process upon a sheriff and does not establish the sole
method of service of process upon a sheriff, N.C.G.S. § 162-16
was not applicable to service in this case, so defendant's appeal
was from an interlocutory order. Furthermore, defendant's
motion to dismiss based on a statute of limitations did not affect
a substantial right and was therefore not immediately appealable.

Appeal by defendant Douglas H. Price, II from order entered on
or about 2 December 2009 by Judge W. Allen Cobb, Jr. in Superior
Court, New Hanover County. Heard in the Court of Appeals 13
September 2010.

*Fox Law, P.A., by Angela Bullard Fox, and David & Associates,
by D. Stuart Smith, for plaintiff-appellee.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by Christopher G.
Lewis and Natalia K. Isenberg, for defendant-appellant Douglas
H. Price, II.*

STROUD, Judge.

Defendant Douglas H. Price, II appeals the trial court's denial of
his motion to dismiss. Because N.C. Gen. Stat. § 162-16 governs only
a method of personal service of process upon a sheriff and does not
establish the sole method of service of process upon a sheriff, N.C.
Gen. Stat. § 162-16 is not applicable to service in this case, so defend-
ant's appeal is interlocutory. We therefore dismiss the appeal.

I. Background

On 30 December 2008, plaintiff filed a complaint alleging negli-
gence on the part of defendants. The summons issued on 30
December 2008 expired, but an alias and pluries summons was issued

on 9 April 2009, and on 29 May 2009, defendant Price was served with the summons and complaint. On 24 June 2009, plaintiff filed an amended complaint. On 12 February 2009, defendant Price

> move[d] the Court pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5) and 12(b)(6) of the North Carolina Rules of Civil Procedure to dismiss the Complaint for lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, and the failure to state a claim upon which relief can be granted. In support of this motion, Defendant shows the Court that he has not been properly served with Summons or Complaint. Further, the plaintiff's claims are barred by the doctrines of governmental and sovereign immunity.

On or about 2 December 2009, the trial court denied defendant Price's motion to dismiss.[1] Defendant Price appeals.

## II. Interlocutory Appeal

Plaintiff filed a motion to dismiss defendant Price's appeal as interlocutory, and defendant Price concedes that his appeal is interlocutory but argues that we should hear his appeal because the trial court's order "deprives Deputy Price of his substantial right to be immune from suit due to plaintiff's failure to comply with the statutory method of invoking personal jurisdiction over sheriffs[.]"

> Ordinarily an order denying a motion to dismiss pursuant to G.S. § 1A-1, Rule 12(b) is considered interlocutory and not affecting a substantial right, and consequently there is no right of immediate appeal therefrom. However, an immediate right to appeal from an order denying a motion to dismiss exists pursuant to G.S. § 1-277(b) which provides that any interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant or such party may preserve his exception for determination upon any subsequent appeal in the cause. This Court has interpreted G.S. § 1-277(b) as allowing an immediate right of appeal only when the jurisdictional challenge is substantive rather than merely procedural. In *Berger v. Berger, supra,* we held that: While G.S. 1-277(b) appears to authorize such right, it is our duty on appeal to examine the underlying nature of defendant's

---

1. Although defendant Price's brief asserts that the "New Hanover County Sheriff's Department was dismissed as a party prior to this appeal[,]" our record does not include any documentation as to this dismissal.

motion: If defendant's motion raises a due process question of whether his contacts within the forum state were sufficient to justify the court's jurisdictional power over him, then the order denying such motion is immediately appealable under G.S. 1-277(b). If, on the other hand, defendant's motion, though couched in terms of lack of jurisdiction under Rule 12(b)(2), actually raises a question of sufficiency of service or process, then the order denying such motion is interlocutory and does not fall within the ambit of G.S. 1-277(b).

*Hart v. F.N. Thompson Const. Co.*, 132 N.C. App. 229, 230-31, 511 S.E.2d 27, 28 (1999) (citation, quotation marks, and brackets omitted). Furthermore, "this Court has repeatedly held that appeals raising issues of governmental or sovereign immunity affect a substantial right sufficient to warrant immediate appellate review." *Price v. Davis*, 132 N.C. App. 556, 558-59, 512 S.E.2d 783, 785 (1999).

Here, defendant Price argues that the trial court lacked personal jurisdiction and that this jurisdictional issue "is substantive rather than merely procedural." *Hart* at 230-31, 511 S.E.2d at 28. Defendant Price's argument is based on the lack of service of the summons and complaint as required by N.C. Gen. Stat. § 162-16, which provides that "if the sheriff be a party, the coroner shall be bound to perform the service, as he is now bound to execute process where the sheriff is a party; and this Chapter relating to sheriffs shall apply to coroners when the sheriff is a party." N.C. Gen. Stat. § 162-16 (2009). Defendant Price contends that

[w]ith the enactment of N.C. Gen. Stat. § 162-16, the North Carolina legislature created the sole means by which a Sheriff and their [sic] deputies can be served with legal process and be subject to the personal jurisdiction of the Courts. This statutory requirement preempts any provision of the N.C. Rules of Civil Procedure allowing for methods of substitute service.

Defendant claims that N.C. Gen. Stat. § 162-16 is a "statutory requirement" which "affects a substantial right . . . which would be lost if litigants are allowed to proceed with litigation against Sheriffs and their deputies in the absence of following the clearly established statutory method of subjecting such persons to the jurisdiction of the Court."

However, even if we assume *arguendo* that non-compliance with N.C. Gen. Stat. § 162-16 affects a substantial right and is not merely

procedural, defendant has not demonstrated that this statute was applicable to service in this case. Defendant was not personally served with the summons and complaint; he was served by certified mail pursuant to N.C. Gen. Stat. § 1A-1, Rule 4. N.C. Gen. Stat. § 162-16 does not provide the only way of serving a sheriff or deputy. *See* N.C. Gen. Stat. § 1A-1, Rule 4. Instead, N.C. Gen. Stat. § 162-16 provides the method of service when *personal* service is needed, as the sheriff or deputy obviously could not effect personal service upon himself. Defendant argues that *Mabee v. Onslow Cty. Sheriff's Dep't* requires that service upon a sheriff or deputy be performed by the coroner under N.C. Gen. Stat. § 162-16. 174 N.C. App. 210, 620 S.E.2d 307 (2005), *disc. review denied*, 360 N.C. 364, 629 S.E.2d 854 (2006). However, in *Mabee, personal service* was used, not service by certified mail. *Id.*

Although our current version of N.C. Gen. Stat. § 162-16 was adopted in 1971, a prior version of the statute which was substantially the same dates back at least as far as the late 1800s. *See State v. Baird*, 118 N.C. 854, 862, 24 S.E. 668, 670 (1896). Despite over one hundred years of this law's existence, we have been unable to find any case holding that N.C. Gen. Stat. § 162-16 creates the sole method of service upon a sheriff or deputy, although it does establish the sole method of *personal* service. *See Mabee*, 174 N.C. App. 210, 620 S.E.2d 307. Defendant cites no authority, and we find none, establishing that N.C. Gen. Stat. § 162-16 replaces the requirements of N.C. Gen. Stat. § 1A-1, Rule 4 as to methods of service other than personal service, including certified mail as was used in this case. Thus, N.C. Gen. Stat. § 162-16 is not applicable to defendant Price and any objections that he may raise as to erroneous service based on non-compliance with this statutory provision are "merely procedural[,]" so his appeal is interlocutory and must be dismissed. *Hart* at 230-31, 511 S.E.2d at 28; *see Cook v. Cinocca*, 122 N.C. App. 642, 644, 471 S.E.2d 108, 109 (1996) ("Defendant's appeal here pertains merely to the process of service used to bring the party before the court[.] Accordingly, we dismiss defendant's appeal ex mero motu as interlocutory." (citation, quotation marks, and ellipses omitted)).

Defendant Price also raises an issue regarding the statute of limitations and argues that he was entitled to dismissal based upon "Rule 12(b)(6) because the statute of limitations had run before Deputy Price was served." However, "our Supreme Court has previously determined that a motion to dismiss based on a statute of limitations does not affect a substantial right and is therefore not

[immediately] appealable." *Lee v. Baxter*, 147 N.C. App. 517, 520, 556 S.E.2d 36, 38 (2001) (citation, quotation marks, and brackets omitted)). Accordingly, we grant plaintiff's motion to dismiss[2] and dismiss defendant Price's appeal as interlocutory.

DISMISSED.

Chief Judge MARTIN and Judge ERVIN concur.

---

2. Plaintiff also requested that we sanction defendant Price pursuant to Rule 34 of the North Carolina Rules of Appellate Procedure for filing a frivolous appeal; however, as we are dismissing this appeal, in our discretion we will not sanction defendant Price.