■ JOSEPH PUGLIESE et al., Appellants, v PANEORAMA ITALIAN BAKERY CORP., Respondent, et al., Defendants. (And a

Third-Party Action.) [664 NYS2d 602] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Berke, J.), dated July 9, 1996, as denied their cross motion, *inter alia*, for leave to amend the summons and complaint to substitute My Favorite Bake Shop, Inc., as a defendant in place of the defendant Paneorama Italian Bakery Corp.

Ordered that the order is affirmed insofar as appealed from, with costs.

On November 17, 1992, the plaintiff Joseph Pugliese was injured when he fell off a ladder while installing electrical fixtures in a bakery. On or about July 25, 1994, the plaintiffs served a summons and complaint upon Paneorama Italian Bakery Corp. (hereinafter Paneorama), which they believed to be the owner of the bakery, and Inter-County Investing Corp., a/k/a Ohlert-Ruggiere, Inc., the owner of the premises. The summons and complaint were served upon Paneorama's managing agent and the Secretary of State. After Paneorama moved for summary judgment to dismiss the complaint and all cross claims against it on the grounds that it did not own the bakery at the time of the incident, the plaintiffs cross-moved, after the Statute of Limitations had run, for leave to substitute My Favorite Bake Shop, Inc. (hereinafter MFBS) for the defendant Paneorama. Paneorama and its predecessor, MFBS, used the same location and shared the same officers, who also were the sole shareholders of the two corporations, but there was no evidence that the two corporations shared the same managing agent.

The plaintiffs claim that there was a misnomer in the description of the party defendant and that the court erred in denying their cross motion, *inter alia*, to amend the summons and complaint to correct the misnomer. An amendment to correct a misnomer in the description of a party defendant may be granted after the expiration of the Statute of Limitations if (1) there is evidence that the intended defendant has in fact been properly served, and (2) the intended defendant would not be prejudiced by the amendment (*see, Ober v Rye Town Hilton,* 159 AD2d 16, 19-20). There is no evidence that the plaintiffs properly served the intended defendant MFBS. The summons and complaint were only served upon the managing agent of Paneorama, who was neither MFBS's managing agent nor its designated agent for the acceptance of service. Therefore, the court properly denied the plaintiffs' cross motion (*see,* CPLR 311; *Ingenito v Grumman Corp.,* 192 AD2d 509, 511; *compare, Simpson v Kenston Warehousing Corp.,* 154 AD2d 526).

We find no merit in the plaintiffs' remaining contentions. O'Brien, J. P., Santucci, Joy and Altman, JJ., concur.