■ HIPOLITO R. FIGUEROA, Respondent, v PORT MORRIS TILE & TERRAZO CORPORATION et al., Appellants, et al., Defendants. PORT MORRIS TILE & TERRAZO CORPORATION, Third-Party Plaintiff-Appellant, v MINEROS ENTERPRISES, INC., et al., Third-Party Defendants. 1370 BROADWAY ASSOCIATES, Fourth-Party Plaintiff, v PORT MORRIS MARBLE & METAL RESTORATION & MAINTENANCE CORP., Fourth-Party Defendant-Appellant. [669 NYS2d 214] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about November 4, 1996, which, *inter alia*, granted plaintiff's motion to amend the summons and complaint to name Port Morris Marble as an additional defendant, and implicitly denied Port Morris Tile's cross motion seeking dismissal of the complaint and all cross claims against it, unanimously modified, on the law, to dismiss the complaint and all cross claims against Port Morris Tile, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of Port Morris Tile & Terrazo Corporation dismissing the complaint and all cross claims as against it.

The motion court properly concluded that the doctrine of relation back allowed amendment of the pleadings to add Port Morris Marble as an additional defendant since Port Morris Marble is "united in interest" with defendant 1370 Broadway Associates (CPLR 203 [b]; *Buran v Coupal*, 87 NY2d 173). However, since the record reveals that Port Morris Tile had nothing to do with the construction project at issue and, accordingly, that it was mistakenly named as a defendant, the complaint and all cross claims against it should have been dismissed. Concur—Milonas, J. P., Williams, Mazzarelli and Andrias, JJ.