■ JAMES P. BRACKEN et al., Appellants, v NIAGARA FRONTIER TRANSPORTATION AUTHORITY, Respondent. [674 NYS2d 221] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action against defendant, Niagara Frontier Transportation Authority (NFTA), to recover damages for personal injuries sustained by James P. Bracken (plaintiff) when he was allegedly assaulted by unknown assailants while riding a light rail transit train. After the Statute of Limitations expired, an attorney for NFTA advised plaintiffs' attorney that NFTA did not own the train or employ the train operator.

Supreme Court erred in denying plaintiffs' motion to amend the summons and complaint pursuant to CPLR 2001 and 305 (b) to name Niagara Frontier Transit Metro System, Inc. (Metro), as the correct defendant. A motion to amend the summons and complaint to reflect the correct defendant should be granted even after the Statute of Limitations has run "where (1) there is evidence that the correct defendant (misnamed in the original process) has in fact been properly served, and (2) the correct defendant would not be prejudiced by granting the amendment sought" (*Ober v Rye Town Hilton*, 159 AD2d 16, 20; *see, Balderman v Capital City/Am. Broadcasting Co.*, 233 AD2d 861, 862). It is undisputed that plaintiffs timely served the notice of claim and process upon an attorney who is an

agent authorized to accept service on behalf of both corporations (*see, Balderman v Capital City/Am. Broadcasting Co., supra,* at 862). Further, the allegations of the notice of claim and the complaint fairly apprise Metro that it was the party that plaintiffs intended to name (*see, Balderman v Capital City/Am. Broadcasting Co., supra,* at 862). We perceive no prejudice to Metro resulting from the amendment, and we modify the order, therefore, by granting plaintiffs' motion.

Plaintiffs have not briefed the issue whether the court properly granted summary judgment dismissing the complaint against NFTA, and we deem that issue abandoned (*see, Ciesinski v Town of Aurora,* 202 AD2d 984). In any event, the record establishes that, because NFTA was mistakenly named as a defendant, the complaint was properly dismissed against it (*see, Figueroa v Port Morris Tile & Terrazo Corp.,* 247 AD2d 346). (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Amend Pleading.) Present—Pine, J. P., Hayes, Wisner, Balio and Fallon, JJ.