BOB KILLIAN TIRE, INC., PLAINTIFF v. DAY ENTERPRISES, INC., DEFENDANT

No. COA98-172

(Filed 3 November 1998)

### Pleadings— amendment to complaint—corporate name added—no relation back—complaint time barred

The trial court did not err by dismissing a complaint under the statute of limitations where the complaint clearly named Troy Day, an individual, as defendant and alleged that he was a citizen and resident of Cabarrus County, and an amendment substituted the corporate defendant, Day Enterprises, Inc., for the individual defendant, thereby naming a new party-defendant rather than correcting a misnomer. The amendment does not relate back and the claim against the corporate defendant is barred by N.C.G.S. § 1-52(16).

Appeal by plaintiff from order entered 17 December 1997 by Judge Gregory R. Hayes in Catawba County Superior Court. Heard in the Court of Appeals 7 October 1998.

*Lovekin & Associates, by Stephen L. Lovekin and D. Shawn Clark, for plaintiff-appellant.*

*Tate, Young, Morphis, Bach & Taylor, L.L.P., by Thomas C. Morphis and Paul E. Culpepper, for defendant-appellee.*

MARTIN, John C., Judge.

On 3 July 1995, plaintiff filed a complaint naming "Troy Day t/a Day Enterprises" as defendant, and alleging defendant had, in October 1994, negligently excavated its property which was adjacent to plaintiff's property, resulting in damage to plaintiff's land. The summons and a copy of plaintiff's complaint were served on Troy Day who filed an answer denying the allegations of the complaint and moved to dismiss the action pursuant to G.S. § 1A-1, Rule 12(b)(7), for plaintiff's failure to join a necessary party.

On 19 November 1997, shortly before the matter was scheduled for trial, plaintiff filed a motion to amend the complaint "to change the name of the defendant from 'Troy Day t/a Day Enterprises' to 'Day Enterprises, Inc.'" Defendant objected and alternatively moved to dismiss the amended complaint as barred by the statute of limitations.

The trial court found that Day Enterprises, Inc., rather than Troy Day, was the proper party from whom relief was sought by plaintiff and permitted the amendment to the complaint. However, the court determined that plaintiff's failure to name the proper defendant was neither a misnomer nor a clerical error, that the amendment substituting the new party defendant was a new action and did not relate back to the date of filing of the original complaint, that the conduct of Day Enterprises, Inc., complained of by plaintiff occurred more than three years prior to the effective date of the amended complaint, and that plaintiff's action against Day Enterprises, Inc., was therefore barred by G.S. § 1-52(16). Plaintiff appeals from the trial court's order dismissing the complaint. We affirm.

G.S. § 1A-1, Rule 15(c), provides:

[a] claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.

N.C. Gen. Stat. § 1A-1, Rule 15(c) (1990). The notice requirement of Rule 15(c) cannot be met where an amendment has the effect of adding a new party to the action, as opposed to correcting a misnomer. *Crossman v. Moore*, 341 N.C. 185, 459 S.E.2d 715 (1995). Thus, the sole issue presented by this appeal is whether plaintiff's amended complaint, naming "Day Enterprises, Inc." as defendant rather than

"Troy Day t/a Day Enterprises" had the effect of adding a new party, or whether the amendment simply corrected a misnomer, permitting relation back pursuant to Rule 15(c).

Plaintiff argues that its original intent to sue Day Enterprises, Inc., is reflected in its original complaint, that it was only after the statute of limitations had run that plaintiff discovered it had "inaccurately described" the defendant, and therefore, plaintiff never intended to add a new party to the litigation. Plaintiff's intent, however, is not dispositive.

In *Crossman, supra,* the plaintiff sued for personal injuries arising from an automobile collision, naming Van Dolan Moore and the Van Dolan Moore Company, Inc., as defendants in her original complaint. However, Van Dolan Moore, II, the son of the named defendant, had been the actual driver of the vehicle involved in the collision. The plaintiff moved to amend her complaint to reflect Van Dolan Moore, II, as the defendant and sought to have the amendment relate back to the original filing. As in the present case, the trial court granted the plaintiff's motion to amend, but denied the motion that the amendment relate back to the time of the filing of the complaint. The effect of the trial court's order was that plaintiff's claim was barred by the statute of limitations. The Supreme Court affirmed, stating unequivocally:

> When the amendment seeks to add a party-defendant or substitute a party-defendant to the suit, the required notice cannot occur. As a matter of course, the original claim cannot give notice of the transactions or occurrences to be proved in the amended pleading to a defendant who is not aware of his status as such when the original claim is filed. *We hold that this rule does not apply to the naming of a new party-defendant to an action. It is not authority for the relation back of a claim against a new party.*

*Id.* at 187, 459 S.E.2d at 717 (emphasis added).

In *Franklin v. Winn Dixie Raleigh, Inc.,* 117 N.C. App. 28, 450 S.E.2d 24 (1994), *affirmed,* 342 N.C. 404, 464 S.E.2d 46 (1995), the plaintiffs named "Winn Dixie Stores, Inc." as defendant in their original complaint, rather than the proper defendant "Winn-Dixie Raleigh, Inc." We held plaintiffs' failure to name the proper defendant did not result from a misnomer, and the amendment did not relate back. *Id.* at 40, 450 S.E.2d at 31.

BOB KILLIAN TIRE, INC. v. DAY ENTERS., INC.

[131 N.C. App. 330 (1998)]

In the present case, plaintiff's original complaint clearly named Troy Day, an individual, as defendant and alleged that he was "a citizen and resident of Cabarrus County." Plaintiff's amendment to the complaint substituted the corporate defendant, Day Enterprises, Inc., for the original individual defendant, thereby naming a new party-defendant rather than correcting a misnomer. Accordingly, under *Crossman*, the amendment does not relate back and plaintiff's claim against Day Enterprises, Inc., is barred by G.S. § 1-52(16). *See Rogerson v. Fitzpatrick*, 121 N.C. App. 728, 468 S.E.2d 447 (1996). The order dismissing the action must be affirmed.

Affirmed.

Judges TIMMONS-GOODSON and HORTON concur.