■ MARIE L. PERRIN, Respondent, v WINSTON McKENZIE, JR., Appellant. [698 NYS2d 41] —In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Kings County (Belen, J.), dated October 15, 1998, which granted the plaintiff's motion for leave to amend the caption to reflect the true name of the defendant, and (2) an order of the same court, dated December 4, 1998, which denied his motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint.

Ordered that the orders are affirmed, with one bill of costs.

The plaintiff was allegedly injured on August 11, 1995, when a vehicle she was operating was struck in the rear by a vehicle registered to U-Haul of Ohio. The plaintiff learned the purported name of the operator of the vehicle on August 3, 1998, when the attorneys for U-Haul of Ohio provided her with a copy of the rental agreement for that vehicle covering the date of the accident, which listed the operator of the vehicle as McKenzie Winston, Jr.

The plaintiff commenced this action on August 4, 1998, by

the filing of a summons and verified complaint in the Kings County clerk's office. Winston McKenzie, Jr. (hereinafter the defendant) advised the plaintiff that the caption to the litigation was wrong in that his surname and first name were reversed. However, he admitted in an affidavit that he was the proper defendant. Contending that as the result of the error he had never been properly served, the defendant moved to dismiss the action on the ground that it was barred by the Statute of Limitations. The plaintiff then moved for leave to amend the caption, and by order dated October 15, 1998, the Supreme Court granted the motion. The defendant was personally served on October 21, 1998. By order dated December 4, 1998, the Supreme Court denied the motion to dismiss.

The filing of the summons and verified complaint on August 4, 1998, in the Kings County clerk's office effectively tolled the Statute of Limitations in this matter (see, CPLR 203 [c] [1]; 304). The court acquired jurisdiction over the defendant because he was properly served on October 21, 1998 (see, CPLR 306-b). Although the defendant contends that the action is barred by the Statute of Limitations, an amendment to cure a misnomer in the description of a defendant may be granted after the Statute of Limitations has expired (see, Pugliese v Paneorama Italian Bakery Corp., 243 AD2d 548; Ober v Rye Town Hilton, 159 AD2d 16). Therefore, the Supreme Court properly denied the defendant's motion to dismiss.

The defendant's remaining contentions are without merit. Friedmann, J. P., Florio, Schmidt and Smith, JJ., concur.