SAUL GUY LISS, Plaintiff v. SEAMARK FOODS and WILLIE R. ETHERIDGE
SEAFOOD COMPANY, INC., Defendants

No. COA00-1306

(Filed 20 November 2001)

**Pleadings— name of defendant—amendment—relation back**

The trial court erred in a negligence and breach of warranty claim by not allowing plaintiff's amendment of the summons and complaint to relate back to the original filing date where the original complaint and summons listed "Seamark Foods" as defendant and the amendment was to "Seamark Enterprises, Inc." This was not a case of substituting a corporation for an individual, of adding a new party by adding defendants in their official capacity, or of adding a third-party defendant not named in the original complaint. These were not separate and distinct entities; Seamark Enterprises was doing business under the name Seamark Foods, the same attorneys have been involved from the beginning, the original summons was served on the president of "Seamark Enterprises, Inc.," and defendant will suffer no prejudice from the amendment. Plaintiff did not add or substitute a new defendant to the action, but merely corrected a misnomer. Liss v. Seamark Foods.

Appeal by plaintiff from judgment entered 14 August 2000 by Judge Robert Hobgood in Orange County Superior Court. Heard in the Court of Appeals 17 September 2001.

*Judith K. Guibert and Warren A. Hampton for plaintiff-appellant.*

*Yates, McLamb & Weyher, L.L.P., by Jason D. Newton, for defendant-appellee.*

EAGLES, Chief Judge.

Saul Guy Liss ("plaintiff") moved to amend the complaint in his negligence and breach of warranty action to correct the name of

"Seamark Enterprises, Inc." ("defendant") and for the amendment to relate back to the filing of the original complaint. The trial court granted plaintiff's Rule 15 motion to amend. The trial court granted defendant's Rule 12(b) motion to dismiss in accordance with *Crossman v. Moore*, 341 N.C. 185, 459 S.E.2d 715 (1995) and *Bob Killian Tire, Inc. v. Day Enters., Inc.*, 131 N.C. App. 330, 506 S.E.2d 752 (1998). Plaintiff appeals from the trial court's order of dismissal. After careful consideration of the briefs and record, we reverse.

On 29 May 1997, plaintiff purchased a jar of oysters from "Seamark Foods" store in Kitty Hawk, North Carolina. Plaintiff ate the oysters later that day and became ill. On 31 May 1997, plaintiff sought treatment at the Outer Banks Medical Center in Nags Head, North Carolina. Plaintiff was admitted to Chesapeake General Hospital in Chesapeake, Virginia on 1 June 1997. He tested positive for Aeomonas Sobria and was diagnosed with infectious diarrhea. Plaintiff was discharged on 5 June 1997.

Plaintiff's complaint was dated 9 May 2000 and the summons was issued on 11 May 2000. The complaint and the summons listed "Seamark Foods" as defendant. The addresses listed on the summons for "Seamark Foods" were 5400 N. Croatan Highway, Kitty Hawk, North Carolina and 5000 S. Croatan Highway, Nags Head, North Carolina. On 17 May 2000, a Deputy Sheriff for Dare County served Tim Walters at the 5400 N. Croatan Highway location and Bret Ference, on 19 May 2000, at the 5000 S. Croatan Highway location. Tim Walters is the president of "Seamark Enterprises, Inc." A Certificate of Assumed Name filed with the Register of Deeds for Dare County provides that "Seamark Enterprises, Inc." is a North Carolina corporation that operates a business under the assumed name of "Seamark Foods."

"Seamark Foods" moved for an extension of time to answer on 12 June 2000 which was granted by the court. After the expiration of the statute of limitations, "Seamark Enterprises, Inc." filed Rule 12(b)(2), (3), (5), and (6) motions to dismiss. Plaintiff filed a motion to amend the complaint and summons to name "Seamark Enterprises, Inc." as defendant and for the amendment to relate back to the filing of the complaint pursuant to Rule 15(c). At a hearing on 31 July 2000, the court granted plaintiff's motion to amend the summons and complaint. The court then granted "Seamark Enterprises, Inc.'s" motion to dismiss with prejudice. Plaintiff appeals.

Plaintiff contends that the trial court erred by not allowing plaintiff's amendment of the summons and complaint to relate back to the original filing date. After careful review, we agree and reverse.

First, plaintiff voluntarily dismissed "Willie R. Etheridge Seafood Company, Inc.," co-defendant, as they were not involved with "Seamark Foods" stores when the cause of action arose. The trial court's refusal to allow relation back of the amendment to the summons and complaint determines this action since "Seamark Enterprises, Inc." may plead the statute of limitations as a defense. The three year statute of limitations expired on 29 May 2000.

The relation back of amendments is the subject of Rule 15(c) of the North Carolina Rules of Civil Procedure and provides:

(c) *Relation back of amendments.*—A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.

G.S. § 1A-1, Rule 15(c) (1999).

Our Supreme Court interpreted Rule 15(c) in *Crossman v. Moore*, 341 N.C. 185, 459 S.E.2d 715 and stated:

When the amendment seeks to add a party-defendant or substitute a party-defendant to the suit, the required notice cannot occur. As a matter of course, the original claim cannot give notice of the transactions or occurrences to be proved in the amended pleading to a defendant who is not aware of his status as such when the original claim is filed. We hold that this rule does not apply to the naming of a new party-defendant to the action. It is not authority for the relation back of a claim against a new party.

*Id.* at 187, 459 S.E.2d at 717.

We have construed the *Crossman* decision to "mean that Rule 15(c) is not authority for the relation back of claims against a new party, but *may* allow for the relation back of an amendment to correct a mere misnomer." *Piland v. Hertford County Bd. of Comm'rs*, 141 N.C. App. 293, 299, 539 S.E.2d 669, 673 (2000). In *Bob Killian Tire*, 131 N.C. App. 330, 506 S.E.2d 752, we stated that "[t]he notice requirement of Rule 15(c) cannot be met where an amendment has

the effect of adding a new party to the action, *as opposed to correcting a misnomer.*" *Id.* at 331, 506 S.E.2d at 753 (citing *Crossman v. Moore*, 341 N.C. 185, 459 S.E.2d 715 (1995)) (emphasis added).

The question becomes whether the defect in the name is "sufficient to bar recovery by the plaintiffs and thereby support the defendant's motion to dismiss, or whether the defect was merely technical in nature and thereby subject to remedy." *Piland*, 141 N.C. App. 293, 296, 539 S.E.2d 669, 671.

"Seamark Enterprises, Inc." contends that the amendment has the effect of adding a new party to the action and *Crossman* should bar relation back of the complaint. Plaintiff contends that the amendment is merely a misnomer so the amendment should relate back to the original filing date of the complaint.

We are aware "that *Crossman* and its progeny have redefined the standard for what constitutes a misnomer for purposes of the relation-back rule" and conversely "are unaware of any case in our courts decided post-*Crossman* which has allowed an amendment effecting a name change of any sort to relate back to the original complaint." *Piland*, 141 N.C. App. 293, 300-01, 539 S.E.2d 669, 674. However, this is not a case of substituting a corporation for an individual. *See Bob Killian Tire*, 131 N.C. App. 330, 333, 506 S.E.2d 752, 754 (holding that the plaintiff's amendment sought to substitute an individual for a corporate defendant and "thereby nam[ed] a new party-defendant rather than correct[ed] a misnomer"). Nor is it a case of adding a new party by amending the complaint to add defendants in their official capacity rather than individual capacity or vice versa. *See Rogerson v. Fitzpatrick*, 121 N.C. App. 728, 732, 468 S.E.2d 447, 450 (1996) ("Because *Crossman* prohibits the addition of new defendants under Rule 15(c), plaintiff's claims against the City and the officers in their official capacities may not take on the filing date of his original complaint . . . ."); *White v. Crisp*, 138 N.C. App. 516, 530 S.E.2d 87 (2000) (holding that amending the complaint to include defendant in his individual capacity had the effect of adding a new party and relation back was not proper under *Crossman*). Nor is this a case of plaintiff wanting to substitute one corporation for a separate corporation. *See Franklin v. Winn Dixie Raleigh, Inc.*, 117 N.C. App. 28, 450 S.E.2d 24 (1994), *aff'd per curiam*, 342 N.C. 404, 464 S.E.2d 46 (1995) (holding that amendment substituting "Winn Dixie Raleigh, Inc." for "Winn Dixie Stores, Inc." was adding a new party and not correcting a misnomer when both were separate corporations). It is also not a case of

plaintiff amending his complaint adding a third-party defendant not named in the original complaint. *See Wicker v. Holland*, 128 N.C. App. 524, 495 S.E.2d 398 (1998) (holding that amending complaint to include third-party defendant after expiration of statute of limitations is adding a new party and therefore prohibited under *Crossman*).

Here, plaintiff is not attempting to add a new party to the action. Plaintiff is correcting the name of defendant. A misnomer is a "[m]istake in name; giving incorrect name to person in accusation, indictment, pleading, deed or other instrument." Black's Law Dictionary 1000 (6th ed. 1990). A misnomer would be technical in nature and subject to remedy.

The complaint and summons named "Seamark Foods" as defendant. In the complaint, plaintiff alleged that "Seamark Foods" was a "corporation organized and doing business in North Carolina, with its principal place of business in Nags Head, Dare County, North Carolina, and also conducts business at 5400 North Croatan Highway, Kitty Hawk, North Carolina 27949." "Seamark Enterprises, Inc." engaged in business under the name and title of "Seamark Foods" as evidenced by the Certificate of Assumed Name filed with the Dare County Register of Deeds. This certificate was signed by Timothy Walters as "President" of "Seamark Enterprises Inc." These are not two separate and distinct entities. Plaintiff is merely correcting a mistake in the name of defendant.

In addition, *Crossman* was concerned with an amendment of a name not providing the required notice. *Crossman*, 341 N.C. 185, 187, 459 S.E.2d 715, 717. In *Crossman*, the original claim would not have provided the required notice since the newly named defendant "[was] not aware of his status as such when the original claim [was] filed." *Id.* Here, "Seamark Enterprises, Inc." was not subject to this lack of notice. The president of "Seamark Enterprises, Inc." was served personally with the original claim at a "Seamark Foods" store. Defendant's request for an extension of time to answer and the certificate of service were from Yates, McLamb & Weyher as attorney for "Defendant Seamark Foods." Defendant's motion to dismiss and certificate of service were from Yates, McLamb & Weyher as attorney for "Defendant Seamark Enterprises, Inc." Defendant's brief in support of its motion to dismiss and the certificate of service were from Yates, McLamb & Weyher as attorney for "Defendant Seamark Enterprises, Inc., improperly designated as Seamark Foods." The same attorneys have been involved and representing "Seamark Enterprises, Inc." from the beginning of the action. "Seamark

LISS v. SEAMARK FOODS

[147 N.C. App. 281 (2001)]

Enterprises, Inc." cannot argue that they did not receive notice of the original claim.

Rule 15(c) is modeled after New York Civil Practice Law and Rules Sec. 203(e) (now codified as N.Y. CPLR Law § 203(f) (McKinney Cumm. Supp. 2001)). W. Brian Howell, *Shuford North Carolina Civil Practice and Procedure* § 15-5 (5th ed. 1998). *Crossman* held the interpretation given to Rule 15(c) is "consistent with the interpretation given a similar statute in New York." *Crossman*, 341 N.C. 185, 187, 459 S.E.2d 715, 717.

Under the law of New York, correction of a misnomer in a pleading is allowed even after the expiration of the statute of limitations provided certain elements are met. *Ober v. Rye Town* Hilton, 159 A.D.2d 16, 557 N.Y.S.2d 937 (1990). *See also Perrin v. McKenzie*, 266 A.D.2d 269, 698 N.Y.S.2d 41 (1999); *Bracken v. Niagara Frontier Transportation Authority*, 251 A.D.2d 1068, 674 N.Y.S.2d 221 (1998); *Pugliese v. Paneorama Italian Bakery Corp.*, 243 A.D.2d 548, 664 N.Y.S.2d 602 (1997). "An amendment to correct a misnomer in the description of a party defendant may be granted after the expiration of the Statute of Limitations if (1) there is evidence that the intended defendant has in fact been properly served, and (2) the intended defendant would not be prejudiced by the amendment." *Pugliese*, 243 A.D.2d at 549, 664 N.Y.S.2d at 603.

Here, there is evidence that the intended defendant, "Seamark Enterprises, Inc.", was properly served. An affidavit from a Dare County Deputy Sheriff establishes that a copy of the summons was served on 17 May 2000 upon Timothy Walters. The president of "Seamark Enterprises, Inc." is Timothy Walters.

"Seamark Enterprises, Inc." would not be prejudiced by the amendment. After its president was served, "Seamark Foods/ Enterprises, Inc." through counsel moved for an extension of time to answer and then filed a motion to dismiss. Through its president, defendant had notice of the action from the beginning and would suffer no prejudice as a result of the amendment.

Here, "we are concerned with only one legal entity which uses two names," not an "attempt to substitute one legal entity for another as defendant." *Tyson v. L'Eggs Products, Inc.*, 84 N.C. App. 1, 6, 351 S.E.2d 834, 837 (1987). Plaintiff did not add or substitute a new defendant to the action, he merely corrected a misnomer in the summons and complaint.

Accordingly, the decision of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

Judges HUNTER and HUDSON concur.