IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA16-625

Filed: 17 January 2017

Cumberland County, No. 15-CVS-8050

HARRY WILLIAMS, Plaintiff,

v.

ADVANCE AUTO PARTS, INC., and ADVANCE STORES COMPANY, INCORPORATED d/b/a Advance Auto Parts, Defendants.

Appeal by Plaintiff from orders entered 3 and 7 March 2016 by Judge Claire V. Hill in Cumberland County Superior Court. Heard in the Court of Appeals 30 November 2016.

*Riddle & Brantley, LLP, by Donald J. Dunn and Jonathan M. Smith for Plaintiff-Appellant.*

*Millberg Gordon Stewart PLLC, by B. Tyler Brooks and John C. Millberg for Defendant-Appellee.*

HUNTER, JR., Robert N., Judge.

Harry Williams ("Plaintiff") appeals two orders from the Cumberland County Superior Court granting summary judgment to both Advance Stores Company, Inc. ("Stores") and Advance Auto Parts, Inc. ("Parts"). Plaintiff contends his failure to name the correct plaintiff in his complaint was a mere misnomer which the trial court should have granted him permission to amend and relate back to the original complaint. We disagree.

## I. Facts and Background

On 30 October 2012, Plaintiff tripped and fell, injuring himself inside an Advance Auto Parts retail store in Fayetteville, North Carolina. After the incident, Plaintiff submitted a claim for his injuries to a third party administrator, Sedgwick CMS ("Sedgwick"), who administered the liability policy for the store. In a 25 November 2012 letter ("Sedgwick letter"), Sedgwick named the insured as "Advance Auto." Sedgwick subsequently advised Plaintiff it was "the Third Party claims Administrator (TPA) for Advance Auto Parts" and denied Plaintiff's claim for failure to "find negligence on the part of Advance Auto Parts for this loss."

On 26 October 2015, Plaintiff filed a complaint in Cumberland County Superior Court naming the defendant as "Advance Auto Parts, Inc." Plaintiff directed a civil summons to Parts the same day. On 21 December 2015, Plaintiff filed a notice of amendment to complaint, adding "Advance Stores Company, Incorporated" as a named defendant. Plaintiff also directed a civil summons to both Parts and Stores and filed his amended complaint on 21 December 2015.

On 30 December 2015, Parts filed its answer to the original complaint, seeking dismissal pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure for failure to state a claim. In the alternative, Parts asked for summary judgment pursuant to Rule 56 on the grounds it did not "own, lease, operate, control, or maintain the premises identified in the plaintiff's complaint." The same day, Parts

filed a separate motion for summary judgment, arguing it had no duty to Plaintiff because it did not own the store in question. Parts further argued the statute of limitations had expired on Plaintiff's claim, and any amendment could not be held to relate back to the original complaint under Rule 15(c) of the North Carolina Rules of Civil Procedure.

Parts attached as an exhibit the affidavit of Pamela R. Webster ("Ms. Webster") the senior claims manager for Parts. Ms. Webster stated Parts is a holding company organized under Delaware law with a principle place of business in Virginia. Stores is a wholly owned subsidiary of Parts, organized under Virginia law and with a principal place of business in Virginia. Ms. Webster stated Stores, not Parts, is the owner and operator of the Advance Auto Parts store where Plaintiff was injured.

On 3 February 2016, Parts filed its answer to the amended complaint, seeking dismissal for failure to state a claim and requesting summary judgment in its favor in the alternative, arguing it did not own the premises identified in Plaintiff's complaint. Parts attached no affidavits or exhibits to its answer.

On 3 February 2016, Stores filed its answer to the amended complaint and moved to dismiss, arguing Stores and Parts were separate legal entities, the statute of limitations had expired, and Plaintiff sought to "impermissibly add a new defendant to the case after the expiration of the statute of limitations." Stores attached no affidavits or exhibits to its answer.

On 24 February 2016, Plaintiff filed a memorandum of law in opposition to Parts' motion for summary judgment. Along with its memorandum, Plaintiff submitted an affidavit from Plaintiff's counsel and two exhibits to the affidavit. The affidavit described counsel's attempts to locate the correct defendant, noting counsel's paralegal used the Sedgwick letter as a basis for searching the North Carolina Secretary of State's corporate registry for the name "Advance Auto." The paralegal confirmed the choice of Advance Auto Parts Inc. as the proper defendant by searching Google for "Advance Auto" and inspecting Advance Auto Parts' website. The Sedgwick letter and a printout showing "Advance Auto Parts, Inc." as one of the results for a search for "Advance Auto" on the Secretary of State's website were appended as exhibits to the affidavit.

Stores filed its memorandum of law in support of its motion to dismiss the amended complaint on 26 February 2016. Stores included several exhibits with its memorandum, including Ms. Webster's affidavit and a deed from the Cumberland County Register of Deeds for the store where Plaintiff was allegedly injured, showing the store was owned by Stores. Stores also presented the court with Parts' application for a North Carolina certificate of authority showing Parts is a Delaware corporation.

On 26 February 2016, Parts submitted its memorandum of law supporting its motion for summary judgment on the original complaint. Parts appended Ms.

Webster's affidavit, the copy of the store's deed, and its application for certificate of authority as exhibits.

On 3 March 2016, the trial court issued an order granting summary judgment to Stores on the amended complaint. Based on the deed from the Cumberland County Register of Deeds, the court found Stores, not Parts, "is the corporate entity that operates and controls the Advance Auto Parts retail store where the plaintiff's alleged fall occurred." The court further found the statute of limitations on plaintiff's claim expired on 30 October 2015.

As to the amendment, the court found Plaintiff amended his complaint after the statute of limitations expired, seeking to "add Advance Stores Company, Inc. as a defendant." The court found Rule 15(c) did not allow relation back to add a party to an existing claim, except as to correct a "misnomer or mistake in the party's name." It further held:

> The evidence in this case establishes that the plaintiff filed his original complaint against Advance Auto Parts, Inc. The statute of limitations for plaintiff's claim expired on 30 October 2015. Approximately seven weeks after the expiration of the statute of limitations, plaintiff amended the complaint to name a different corporate entity, Advance Stores Company, Inc. The amendment to add Advance Stores Company, Inc., sought to bring in a new defendant to the case and was not the mere correction of a misnomer or a mistake in the name of the originally named defendant. Accordingly, because the plaintiff's amended complaint was filed after the expiration of the statute of limitations and the amendment sought to add a new defendant, it cannot relate back as a matter of law to

the original date of filing under Rule 15.

The court also found Plaintiff failed to prove equitable estoppel, holding the Sedgwick letter was not evidence Sedgwick "misled or misrepresented to the plaintiff that [its] insured was the corporation Advance Auto Parts, Inc." As a result, the trial court held there was "no genuine issue of material fact that plaintiff amended his complaint to name a new defendant after the statute of limitations expired," and granted summary judgment to Stores.

On 7 March 2016, the trial court issued an order granting summary judgment to Parts on the original complaint. The court found Stores was a subsidiary of Parts and that Stores was the legal owner of the store where Plaintiff fell. It further found Plaintiff provided no evidence to support "any contention that Advance Auto Parts Inc., exercises the degree of control over Advance Stores Company, Inc." necessary to pierce the corporate veil. As such, the court held Parts was "improperly named . . . as a defendant in this case." Because Parts owed no legal duty with regard to a premises it did not own, the trial court held there was no genuine issue of material fact to justify disregarding the corporate form and granted summary judgment to Parts.

Plaintiff entered notice of appeal to both the 3 March 2016 and 7 March 2016 orders on 20 March 2016.

## II. Jurisdiction

Plaintiff appeals the trial court's 3 and 7 March 2016 orders granting summary judgment in favor of Stores and Parts, respectively. Because these orders are the final judgments of the superior court in a civil action, jurisdiction is proper in this court pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2015).

### III. Standard of Review

Although both Parts and Stores moved to dismiss the respective claims against them, "[a] Rule 12(b)(6) motion to dismiss for failure to state a claim is indeed converted to a Rule 56 motion for summary judgment when matters outside the pleadings are presented to and not excluded by the court." *Stanback v. Stanback*, 297 N.C. 181, 205, 254 S.E.2d 611, 627 (1979). Here, both Parts and Stores asked for summary judgment in the alternative to dismissal. Moreover, Parts, Stores, and Plaintiff each submitted memoranda of law and documentary evidence to the trial court, which the court used to render its rulings. As a result, we review the orders as grants of summary judgment.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2015).

A defendant may show he is entitled to summary judgment by "(1) proving that an essential element of the plaintiff's case is nonexistent, or (2) showing through

discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing the plaintiff cannot surmount an affirmative defense which would bar the claim." *Frank v. Funkhouser*, 169 N.C. App. 108, 113, 609 S.E.2d 788, 793 (2005) (internal quotation marks and citation omitted).

The court must review the record in the light most favorable to the non-movant and draw all inferences in the non-movant's favor. *Dobson v. Harris*, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000). *See also Caldwell v. Deese*, 288 N.C. 375, 378, 218 S.E.2d 379, 381 (1975); *Norfolk & W. Ry. Co. v. Werner Indus.*, 286 N.C. 89, 98, 209 S.E.2d 734, 739 (1974).

This Court reviews the trial court's grant of summary judgment *de novo*. *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008).

## IV. Analysis

### A. Amendment and Relation Back of the Complaint

Plaintiff contends the trial court improperly granted summary judgment to both Parts and Stores because its amended complaint should have related back to the date of the original filing under Rule 15(c) of the North Carolina Rules of Civil Procedure. We disagree.

Plaintiff does not dispute the statute of limitations expired on his personal injury claim prior to the filing of the amended complaint. The statute of limitations is three years for personal injury cases. N.C. Gen. Stat. § 1-52(16) (2015). Because

Plaintiff was under no disability when the action accrued and no other exception applies, the statute of limitations was not tolled. *Accord* N.C. Gen. Stat. § 1-17 (2015). As a result, the statute of limitations on Plaintiff's claim expired on 30 October 2015, seven weeks before the amended complaint was filed.

Under the North Carolina Rules of Civil Procedure, a party may amend a pleading "once as a matter of course at any time before a responsive pleading is served[.]" N.C. Gen. Stat. § 1A-1, Rule 15(a) (2015). Amendment to substitute a party is within the scope of the rule, although doing so represents the creation of "a new and independent [cause] of action and cannot be permitted when the statute of limitations has run." *Callicut v. American Honda Motor Co.*, 37 N.C. App. 210, 212, 245 S.E.2d 558, 560 (1978) (quoting *Kerner v. Rockmill*, 111 F. Supp. 150, 151 (M.D. Pa. 1953)).

If the statute of limitations has expired in the interim between the filing and the amendment, a plaintiff may preserve his claim only if the amendment can be said to relate back to the date of the original claim under Rule 15(c):

> A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.

N.C. Gen. Stat. § 1A-1, Rule 15(c) (2015); *Franklin v. Winn Dixie Raleigh*, 117 N.C. App. 28, 38, 450 S.E.2d 24, 30 (1994), *aff'd per curiam*, 342 N.C. 404, 464 S.E.2d 46

(1995). However, the plain language of Rule 15(c) makes clear the rule applies only to amendments to add claims, not parties. Our courts have repeatedly held that Rule 15(c) is "not authority for the relation back of a claim against a new party." *Crossman v. Moore*, 341 N.C. 185, 187, 459 S.E.2d 715, 716 (1995). *See also Brown v. Kindred Nursing Ctrs. East, LLC.*, 364 N.C. 76, 81, 692 S.E.2d 87, 91 (2010).

Nevertheless, the trial court possesses discretion to amend "any process or proof of service thereof 'unless it clearly appears that material prejudice would result to substantial rights of the party against whom the process issued.'" *Harris v. Maready*, 311 N.C. 536, 545-46, 319 S.E.2d 912, 918 (1984) (quoting N.C. Gen. Stat. § 1A-1, Rule 4(i) (2015). Thus, although time barred claims may not be amended under Rule 15(c) to add new parties, they may be amended in order to correct a misnomer in the "description of the party or parties actually served [with process]." *Maready*, 311 N.C. at 546-547, 319 S.E.2d at 919. *See also Pierce v. Johnson*, 154 N.C. App. 34, 39, 571 S.E.2d 661, 664-65 (2002); *Liss v. Seamark Foods*, 147 N.C. App. 281, 283-84, 555 S.E.2d 365, 367 (2001); *Piland v. Hertford County Bd. of Comm'rs*, 141 N.C. App. 293, 299, 539 S.E.2d 669, 673 (2000). A misnomer is a "mistake in name; giving an incorrect name to the person in accusation, indictment, pleading, deed, or other instrument." *Pierce*, 154 N.C. App. at 39, 571 S.E.2d at 665 (internal alterations omitted) (quoting BLACK'S LAW DICTIONARY 1000 (6th ed. 1990)). It is "technical in nature[.]" *Liss*, 147 N.C. App. at 285, 555 S.E.2d at 368.

This Court has generally distinguished between situations in which the plaintiff has used the wrong name of "one legal entity which uses two names," and situations in which the plaintiff attempts to "substitute one legal entity for another as defendant." *Liss*, 147 N.C. at 286, 555 S.E.2d at 369 (quoting *Tyson v. L'Eggs Products Inc.*, 84 N.C. App. 1, 6, 351 S.E.2d 834, 837 (1987)). The former may be corrected as a misnomer provided there is evidence the intended defendant was properly served and would not be prejudiced by the amendment. *Pierce*, 154 N.C. App. at 39, 571 S.E.2d at 665. The latter are barred even where the correct defendant may have received notice of the impending suit. *Piland*, 141 N.C. App. at 299-300, 539 S.E.2d at 673 (whether the new defendant received notice "is irrelevant under *Crossman's* analysis of the limited reach of Rule 15(c). [The plaintiff] sought to add a party, and such action is not authorized by the rule"). *See also Treadway v. Diez*, 209 N.C. App. 152, 157, 703 S.E.2d 832, 835 (Jackson, J., dissenting) ("[N]otice is immaterial with respect to the operation of amendments to pleadings pursuant to Rule 15(c)."), *rev'd per curiam per the dissent*, 365 N.C. 289, 715 S.E.2d 852 (2011).

In the instant case, the record establishes Plaintiff's amendment was an attempt to substitute one legal entity for another. The evidence before the trial court, even when construed in the light most favorable to Plaintiff, establishes Parts and Stores are separate corporations. Parts and Stores presented the court with the same three pieces of evidence: (1) Ms. Webster's affidavit stating Stores is a wholly owned

subsidiary of Parts; (2) the Cumberland County deed establishing Stores as the owner of the store where Plaintiff was injured; and (3) the application for a certificate of authority showing Parts is a Delaware corporation. Plaintiff's evidence, consisting of his attorney's affidavit, the printout of results from the Secretary of State's website, and the Sedgwick letter, does not dispute the ownership of the store or the nature of the corporate relationship between Parts and Stores. It is probative only of the process by which Plaintiff came to name the wrong defendant in his original complaint.

While Plaintiff argues Stores was properly served and would suffer no prejudice from allowing the amendment to relate back, this analysis applies only when the evidence shows the complaint was amended to substitute the proper legal name of a single legal entity with multiple names. *Piland*, 141 N.C. App. at 300, 539 S.E.2d at 673. Here the record is clear; "[q]uite simply, plaintiff[] sued the wrong corporation." *Franklin*, 117 N.C. App. at 35, 450 S.E.2d at 28. Consequently, we hold the trial court properly concluded Plaintiff's amendment was not the correction of a mere misnomer, but an impermissible attempt to add a new defendant after the statute of limitations had expired.

**B. Equitable Estoppel**

Plaintiff argues Stores should be estopped from invoking the statute of limitations defense because it negligently allowed Sedgwick to make an affirmative

representation that Parts was legally responsible for the store in which Plaintiff was injured. We disagree.

Generally, equitable estoppel may be invoked to prevent a defendant from relying upon the statute of limitations as an affirmative defense. *Nowell v. Great Atlantic & Pacific Tea Co.*, 250 N.C. 575, 579, 18 S.E.2d 889, 891 (1959). The party seeking to invoke the doctrine must satisfy several essential elements:

> (1) conduct on the part of the party sought to be estopped which amounts to a false representation or concealment of material facts; (2) the intention that such conduct will be acted on by the other party; and (3) knowledge, actual or constructive, of the real facts. The party asserting the defense must have (1) a lack of knowledge and the means of knowledge as to the real facts in question; and (2) relied upon the conduct of the party sought to be estopped to his prejudice.

*Parker v. Thompson-Arthur Paving Co.*, 100 N.C. App. 367, 370, 396 S.E.2d 626, 628-29 (1990). In satisfying these elements, the party asserting estoppel need not show the other party acted with bad faith, fraud, or intent to deceive. *Friedland v. Gales*, 131 N.C. App. 802, 807, 509 S.E.2d 793, 797 (1998). However, even where the other party has engaged in misrepresentation, the proponent must have exercised due diligence in attempting to discover the relevant facts or omissions. *Bailey v. Handee Hugo's, Inc.*, 173 N.C. App. 723, 727, 620 S.E.2d 312, 315 (2005).

Plaintiff cannot invoke equitable estoppel in this case. Plaintiff's lone piece of evidence supporting his claim, the Sedgwick letter, states only that Sedgwick is the

third party claims administrator for "Advance Auto" or "Advance Auto Parts." Plaintiff brings no evidence to suggest that Sedgwick's intent was to cause Plaintiff to act on its representation. Nor does he show that Sedgwick had actual or constructive knowledge that the owner of the retail store in question was Stores.

Furthermore, Plaintiff cannot show he exercised due diligence in discovering the legal owner of the retail store where he was injured. The record shows Sedgwick sent its letter to Plaintiff on 25 November 2012, almost three years before Plaintiff filed his original complaint on 26 October 2015. In the interim, a deed was on file with the Cumberland County Register of Deeds identifying Stores as the true owner of the store where Plaintiff was injured. Although Plaintiff's examination of Advance Auto Parts' website and the Secretary of State's database proved insufficient to discover the legal owner of the store, "it is not an onerous burden for this Court to impose the task of a title search upon one filing suit." *Bailey*, 173 N.C. App. at 727, 620 S.E.2d at 316. Consequently, Plaintiff may not use equitable estoppel to prevent Stores from invoking the statute of limitations defense.

Plaintiff also argues he is entitled to relief because Stores failed to file a certificate of assumed name and because Stores is merely Parts' alter ego. The record shows Plaintiff brought neither of these theories before the trial court. Because a party "cannot swap horses between courts in order to obtain a better mount on

appeal," we decline to consider these arguments. *Bailey*, 173 N.C. App. at 727, 620 S.E.2d at 316.

As a result, we hold there was no genuine issue of material fact before the trial court and both Parts and Stores were entitled to judgment as a matter of law. The orders of the trial court are:

AFFIRMED.

Judges STROUD  and DAVIS concur.