Matter of County of Erie (2019 NY Slip Op 03245)





Matter of County of Erie


2019 NY Slip Op 03245


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1442CA 18-01019

[*1]PROPERTY TAX LAW BY COUNTY OF ERIE. COUNTY OF ERIE, PETITIONER-RESPONDENT; CHARLES J. SIBLEY, RESPONDENT-APPELLANT. 






CHARLES J. SIBLEY, RESPONDENT-APPELLANT PRO SE. 
LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (MARGARET A. HURLEY OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Erie County Court (James F. Bargnesi, J.), entered August 29, 2017. The order, among other things, granted petitioner's motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by striking from the ordering paragraph the language relating to respondent's "counterclaim," and as modified the order is affirmed without costs.
Memorandum: Respondent appeals from an order that, among other things, denied his purported counterclaim asserting civil trespass on the part of a process server retained by petitioner. As a preliminary matter, we note that respondent does not raise any issues with respect to that part of County Court's order granting petitioner's motion for summary judgment on the petition, and he has therefore abandoned any contentions with respect thereto (see Ciesinski v Town of Aurora , 202 AD2d 984, 984 [4th Dept 1994]; see also Bracken v Niagara Frontier Transp. Auth. , 251 AD2d 1068, 1069 [4th Dept 1998]). Respondent contends that the court erred in construing his statements concerning trespass as a counterclaim, and we agree. Respondent's pro se answer does not contain a counterclaim for trespass, or any other counterclaims. Nor does the answer even contain any averments from which one might construe such a counterclaim (see generally CPLR 3019 [d]). Respondent's statements in unsworn letters to petitioner and unsworn documents submitted in support of his purported "motion to strike" do not constitute a counterclaim (see CPLR 2214 [b]; 3019 [d]; see also Villager Constr. v Kozel & Son , 222 AD2d 1018, 1018-1019 [4th Dept 1995]; see generally Grasso v Angerami , 79 NY2d 813, 814 [1991]).
Although it is true, as petitioner points out, that respondent did not contend until after the order was entered that his answer did not assert a counterclaim for trespass, his failure to do so was entirely understandable in light of the fact that petitioner's motion for summary judgment did not request dismissal of any counterclaims, and respondent thus had no reason to expect that the court would misconstrue his answer as asserting one. We therefore modify the order by striking the language concerning respondent's "counterclaim" from the ordering paragraph.
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court