An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-352

Filed 3 December 2025

New Hanover County, No. 24CVS000444-640

STEFFANIE M. LONGMIRE, Plaintiff,

v.

PROOF HOSPITALITY 1, LLC d/b/a REBELLION NC and PROOFHOSPITALITY MC LLC d/b/a REBELLION NC, Defendants.

Appeal by plaintiff from order entered 8 November 2024 by Judge Ricardo Jensen in New Hanover County Superior Court. Heard in the Court of Appeals 15 October 2025.

> *Speaks Law Firm, PC, by Jonathan Salmons, Jeffrey B. Watson, and Brian A. Geschickter, for plaintiff-appellant.*

> *Crossley McIntosh Collier Hanley & Edes, PLLC, by Andrew Hanley, for defendants-appellees.*

ARROWOOD, Judge.

Steffanie Longmire ("plaintiff") appeals from the trial court's order denying her motion to amend complaint and granting summary judgment in favor of Proof Hospitality 1, LLC ("PH 1") and Proofhospitality MC, LLC ("PMC"). For the following reasons, we affirm the trial court's order.

I.    Background

PH 1 and PMC are limited liability corporations registered with the North Carolina Secretary of State.  PH 1 was dissolved on 1 December 2021, after which PMC was created on 17 January 2022.  Both PH 1 and PMC share the same COO, Brian Westlye, and street address, 15 South Front Street, Wilmington North Carolina.  15 South Front Street also houses the restaurant Rebellion NC.[1]

Plaintiff alleges that on 13 March 2021, she was injured in a fall at Rebellion NC.  On 2 February 2024, plaintiff filed a complaint seeking damages for her injuries which she alleged were due to the restaurant's negligence.  Believing that PH 1 and PMC were the owners of Rebellion NC, plaintiff named them as defendants, identifying them in the complaint as "Proof Hospitality 1, LLC d/b/a Rebellion NC" and "Proofhospitality MC LLC d/b/a Rebellion NC."  On 12 February 2024, plaintiff served the complaint on the registered agents of PH 1 and PMC, including Brian Westlye.

On 6 March 2024, PH 1 and PMC requested more time to respond to plaintiff's complaint, which the trial court granted.  Meanwhile, the statute of limitations on plaintiff's claim expired on 13 March 2024.  On 11 April 2024, PH 1 and PMC filed a

---

[1] The parties dispute the correct name of the restaurant where the alleged injury occurred.  Plaintiff contends the restaurant is "Rebellion NC" while PH 1 and PMC contend it is named "Rebellion."  For clarity and conciseness, we refer to the restaurant as "Rebellion NC" in this opinion.  However, we do not make any determination as to the correct name of the restaurant.

collective answer in which they alleged that they did not own or operate the restaurant where the injury occurred.

PH 1 and PMC then moved for summary judgment on 17 June 2024. In support of their motion, PH 1 and PMC filed affidavits which stated that a third corporation, "PHMC-WNC, LLC" ("PHMC"), was the true owner of Rebellion NC. PHMC is a limited liability company that is registered with the North Carolina Secretary of State and is managed by Brian Westlye. PHMC has a Certificate of Assumed Name to do business as "Rebellion."

On 28 June 2024, plaintiff filed a motion to amend her complaint and relate back. The purpose of the amendment was to change the named party-defendant to PHMC. In support of her motion, plaintiff argued that the amendment was to correct a misnomer and that PHMC had notice of the original complaint since it was served on its manager, Brian Westlye.

The trial court held a hearing for the motion to amend and the motion for summary judgment on 4 November 2024. On 8 November 2024, the trial court issued its order denying plaintiff's motion to amend and granting summary judgment in favor of PH 1 and PMC. In its order, the court stated that because PH 1 and PMC are separate entities from PHMC, and the statute of limitations had expired, adding a new party would be futile and unduly prejudicial. Then, in support of its grant of summary judgment, the court found that it was undisputed that PH 1

and PMC did not own Rebellion NC. Plaintiff gave notice of appeal to this Court on 5 December 2024.

## II. Discussion

On appeal, plaintiff contends that the trial court abused its discretion when it denied her motion to amend complaint and relate back. Additionally, plaintiff argues that the trial court erred in granting summary judgment to PH 1 and PMC.

### A. Standard of Review

The standard of review for motions to amend pleadings is abuse of discretion. *Vaughan v. Mashburn*, 371 N.C. 428, 433 (2018). A trial court abuses its discretion where it makes an error of law or its "ruling is so arbitrary that it cannot be the result of a reasoned decision." *In re McClatchy Company, LLC*, 386 N.C. 77, 92 (2024). The standard of review for orders granting summary judgment is *de novo*. *Bryan v. Kittinger*, 282 N.C. App. 435, 437 (2022).

### B. Motion to Amend and Relate Back

Plaintiff contends the trial court abused its discretion in several ways: 1) denying plaintiff's motion to amend to correct a misnomer; 2) finding that plaintiff's amendment would be futile; 3) raising a statute of limitations defense *sua sponte*; and 4) finding that plaintiff's amendment would be unduly prejudicial to the defendants. We address each argument in turn.

#### 1. Correction of a Misnomer

Relation back of amendments to pleadings is governed by Rule 15(c) of the North Carolina Rules of Civil Procedure which states that "[a] claim asserted in an amended pleading" will relate back "unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." N.C.G.S. § 1A-1, Rule 15(c) (2023).

In *Crossman v. Moore*, 341 N.C. 185 (1995), the Supreme Court of North Carolina considered whether Rule 15(c) allowed for relation back of amendments adding a new party-defendant. The Court held that Rule 15(c) did not allow such amendments, reasoning that the rule made no mention of parties and the required notice could not occur where the amendment seeks to add or substitute a party-defendant. *Id.* at 187–88.

In interpreting *Crossman*, this Court has distinguished between two types of amendments to party-defendants: additions or substitutions of new party-defendants and mere corrections of misnomers in the name of the party-defendant. *Liss v. Seamark Foods*, 147 N.C. App. 281, 283–84 (2001). Amendments naming a new party-defendant may not relate back while amendments correcting a misnomer may. *Id.* The distinction between adding a new party-defendant and merely correcting a misnomer typically lies in whether the original party and the amended party are two separate entities. *See id.* at 283–85.

In *Franklin v. Winn Dixie Raleigh, Inc.*, 117 N.C. App. 28 (1994), *aff'd*, 342 N.C. 404 (1995) (per curiam), this Court affirmed a trial court's denial of a plaintiff's

motion to relate back an amendment to the named party-defendant.[2]  There, the plaintiff was injured in a grocery store managed by Winn-Dixie Raleigh, Inc.  *Id.* at 30, 32.  Plaintiff filed a complaint that instead named the defendant as "Winn Dixie Stores, Inc."  *Id.* at 30.  Plaintiff also had an alias and pluries summons issued identifying the defendant as "Winn-Dixie Raleigh, Inc." and "Winn-Dixie Stores, Inc." *Id.* 30–31.  A representative of Winn-Dixie Raleigh received and responded to the summons, stating that he could not accept service for Winn-Dixie Stores, Inc. but would like to accept service for Winn-Dixie Raleigh, Inc.  *Id.* at 31–32.  The plaintiff then filed an amended complaint naming "Winn Dixie Raleigh, Inc." as the defendant. *Id.* at 32.  This Court reasoned that because " 'Winn Dixie Stores, Inc.,' was the correct name of the wrong corporate party defendant," the change from "Stores" to "Raleigh" was not merely a correction of a misnomer but the substitution of a new party-defendant.  *Id.* at 38–40.  Thus, the amendment could not relate back.  *Id.*

In contrast, in *Liss*, this Court found that a plaintiff's amendment to the named party-defendant could relate back.  147 N.C. App. at 283.  There, the plaintiff's complaint and summons listed "Seamark Foods" as the defendant.  *Id.* at 282.  The complaint was served on the president of "Seamark Enterprises, Inc."  *Id.*  Seamark

---

[2] This Court's reasoning in *Franklin* relied on caselaw which was later overturned in *Crossman*.  *See Franklin*, 117 N.C. App. at 38–39 (citing *Ring Drug Co., Inc. v. Carolina Medicorp Enters., Inc.*, 96 N.C. App. 277 (1989));  *Crossman*, 341 N.C. at 187–88 (overturning *Ring* and expressing disapproval of similar rationales in other cases).  However, the Supreme Court of North Carolina affirmed the decision in *Franklin* "based on the authority of *Crossman v. Moore*[.]"  *Franklin v. Winn Dixie Raleigh, Inc.*, 342 N.C. 404, 404 (1995) (per curiam).  Thus, *Franklin* remains instructive on this issue.

Enterprises, Inc. was "a North Carolina corporation that operate[d] a business under the assumed name of 'Seamark Foods.'" *Id.* Accordingly, this Court reasoned that Seamark Enterprises, Inc. and Seamark Foods "[were] not two separate and distinct entities." *Id.* at 285. Thus, the plaintiff's amendment was correcting a misnomer and was allowed to relate back. *Id.* at 285–87.

Plaintiff argues that her amendment is similar to the one in *Liss* because she named the restaurant, Rebellion NC, in her original complaint and is simply correcting the name of the entity associated with the restaurant. However, in *Liss*, the plaintiff identified the defendant only under its assumed name, which was not associated with any other corporations. Thus, the complaint did not identify any entity separate from the amended party-defendant. Whereas here, plaintiff did positively identify PH 1 and PMC as the defendants in her original complaint. PH 1 and PMC are actual and distinct corporations from PHMC, making them separate entities. Accordingly, plaintiff's amendment to the named party-defendant is not a correction of a misnomer but rather the substitution of a party-defendant. Therefore, her amendment may not relate back.

### 2. Futility and Undue Prejudice

Plaintiff's arguments that the trial court abused its discretion in finding that her amendment would be futile and unduly prejudicial also fail. Having determined that plaintiff's amendment could not relate back under Rule 15(c), plaintiff's motion to amend would have added a new party-defendant after the statute of limitations

had expired. The claim would have thus been time-barred, making the amendment futile. *Revolutionary Concepts, Inc., v. Clements Walker PLLC*, 227 N.C. App. 102, 112 (2013). Moreover, the trial court recognizing as much does not equate to the court raising the affirmative defense *sua sponte*.

Plaintiff argues that equitable estoppel would have stopped PHMC from raising a statute of limitations defense. This Court has held that equitable estoppel is a valid ground to allow similar amendments that would otherwise be time-barred. *Pierce v. Johnson*, 154 N.C. App. 34, 43 (2002). In *Pierce*, the plaintiff sought to sue "John Daniel Johnson" ("John"). *Id.* at 35–36. Unbeknownst to the plaintiff, John had died before the complaint was filed. *Id.* at 35. John's son and executor for his estate, Roby Daniel Johnson, accepted service by signing the name "Daniel Johnson." *Id.* at 36. He then moved to dismiss for failure to name the real party in interest but did not inform the plaintiff that John had died. *Id.* Then, counsel for the defendant proceeded to make Offers of Judgment and served interrogatories and requests for production of documents and monetary relief sought. *Id.* Only at the hearing for the motion to dismiss, after the statute of limitations had run, did the counsel reveal that John had died. *Id.* at 36–37. This Court held that the defendant's actions induced the plaintiff to believe that John was alive and that she relied on the belief. *Id.* at 45. Therefore, John's estate could not benefit from the misrepresentation. *Id.*

This case is distinguishable from *Pierce*. Here, PH 1 and PMC did not misrepresent their identity when they accepted service. In fact, in their answer the

defendants specifically denied that they owned the restaurant. While PH 1 and PMC did not reveal that PHMC was the true owner of Rebellion NC until they moved for summary judgment, similar facts existed in *Crossman* where equitable estoppel was not applied. *Crossman*, 341 N.C. at 186 (1995). Plaintiff contends that PH 1 and PMC purposefully sowed confusion as to the ownership of the restaurant by representing its name online as "Rebellion NC" but having the business name certificate listed as "Rebellion" and listing a copyright for "Proof Hospitality" on the restaurant's website. However, that still does not rise to the level of misrepresentation in *Pierce* or otherwise present such a clear case for equitable estoppel that the trial court was unreasonable in not applying the doctrine.

Accordingly, the trial court acted within its discretion in determining that the amended complaint would be futile. The court's finding of futility is sufficient grounds for denial even if, as plaintiff contends, the amendment would not have been unduly prejudicial. Therefore, the trial court did not abuse its discretion in denying plaintiff's motion to amend.

## C.    Summary Judgment

Plaintiff raises two theories as to why the trial court erred in granting summary judgment. First, plaintiff contends that she raised a genuine issue of material fact as to who operated the restaurant. In support of this argument, plaintiff points to a dispute about whether the restaurant was named "Rebellion NC" or "Rebellion." However, the name of the restaurant is not material to either the

amendment or summary judgment analysis, and plaintiff has not otherwise demonstrated that a dispute as to the name of the restaurant would create a dispute as to the restaurant's ownership. PH 1 and PMC deny ownership of the restaurant where plaintiff's injury allegedly occurred while PHMC admitted ownership of the restaurant "Rebellion" at the address where plaintiff was injured. Moreover, plaintiff's motion to amend her complaint seems to recognize PHMC's ownership of the restaurant.

Second, plaintiff argues that there was a genuine issue as to whether equitable estoppel defeated the parties' statute of limitations defense. As explained above, the trial court acted within its discretion in denying plaintiff's motion to amend without applying equitable estoppel. After the motion to amend was denied, equitable estoppel no longer applied because the only remaining defendants were PH 1 and PMC. The trial court properly determined that there was no dispute regarding the fact PH 1 and PMC did not operate or own the restaurant where the alleged injury occurred and thus could not be liable. Therefore, the trial court did not err in granting summary judgment in favor of PH 1 and PMC.

### III.   Conclusion

For the foregoing reasons, the trial court's order must be affirmed.

AFFIRMED.

Judges TYSON and ZACHARY concur.

Report per Rule 30(e).